| | |
|---|---|
| Steven R. Weinmann (SBN 190956)<br>Steven.Weinmann@capstonelawyers.com<br>Tarek H. Zohdy (SBN 247775)<br>Tarek.Zohdy@capstonelawyers.com<br>Cody R. Padgett (SBN 275553)<br>Cody.Padgett@capstonelawyers.com<br>Trisha K. Monesi (SBN 303512)<br>Trisha.Monesi@capstonelawyers.com<br>Capstone Law APC<br>1875 Century Park East, Suite 1000<br>Los Angeles, California 90067<br>Telephone: (310) 556-4811<br>Facsimile: (310) 943-0396<br><br>Russell D. Paul (*admitted Pro Hac Vice*)<br>rpaul@bm.net<br>Amey J. Park (*admitted Pro Hac Vice*)<br>apark@bm.net<br>BERGER MONTAGUE P.C.<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Telephone: (215) 875-3000<br>Facsimile: (215) 875-4604<br><br>*Attorneys for Plaintiff* | Michael B. Gallub (*admitted Pro Hac Vice*)<br>E-mail: *mgallub@herzfeld-rubin.com*<br>Homer B. Ramsey (*admitted Pro Hac Vice*)<br>E-mail: *hramsey@herzfeld-rubin.com*<br>Herzfeld & Rubin, P.C.<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 471-8500<br>Facsimile: (212) 344-3333<br><br>Craig L. Winterman (Bar No. 75220)<br>E-mail: *cwinterman@hrllp-law.com*<br>Herzfeld & Rubin LLP<br>10250 Constellation Blvd., Suite 100<br>Los Angeles CA 90067<br>Telephone: (310) 553-0451<br>Facsimile: (310) 553-0648<br><br>*Attorneys for Defendant* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID PATRICK, individually, and on behalf of a class of similarly situated individuals,<br><br>        Plaintiffs,<br><br>  v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. a New Jersey Corporation,<br><br>        Defendant. | Case No.: 8:19-cv-01908-JVS-ADS<br><br>Hon. James V. Selna<br><br>**Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth**<br><br>**STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the Parties hereby stipulate to and petition this Court to enter the following Stipulated Protective Order (the "Order"):

### I. DEFINITIONS

The following definitions apply for purposes of this Order:

1.1     Action: above-entitled proceeding, filed as Case No. 8:19-cv-01908-JVS-ADS, pending in the United States District Court for the Central District of California.

1.2     Confidential Material: Discovery Material, regardless of how it is generated, stored or maintained, that contains confidential or sensitive non-public information, including social security numbers, names of minor children, dates of birth, financial account numbers, home addresses, driver's license numbers, medical, treatment, and diagnosis records, employment records, individual financial information, Protected Data which includes any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations including, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) / Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, and repealing Directive 95/46/EC (General Data Protection Regulation) (L119/1) (EU personal information); the German Federal Data Protection Act (Germany personal information); and The Federal Law on Protection of Personal Data held by Private Parties (published July 5, 2010) (Mexico personal information); business, commercial, technical, marketing, planning, personal, research, or

financial information of any Party or Third Party, and which has been designated "Confidential" pursuant to the provisions of this Stipulation and Protective Order. Confidential Material shall not include information that has been intentionally publicly disclosed by the Designating Party.

1.3   Designating Party: a Party or Non-Party that designates as "Confidential" documents, information or items that it produces in disclosures or in responses to discovery.

1.4   Discovery Material: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories, documents, responses to requests for admissions, tangible things, and informal exchanges of information), that are produced or generated in connection with any discovery in this Action, whether formally or informally.

1.5   Expert: a person retained by a Party or its Counsel to serve as an expert witness or consultant or technical advisor in this Action (as well as his or her employees and support staff).

1.6   Foreign Private Data: any information that a Party believes in good faith to be subject to foreign data protection laws or other privacy obligations including, without limitation, personal data as defined by the General Data Protection Regulation (EU) 2016/679.

1.7   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action, and their counsel.

1.8   Party: any party to this Action.

1.9   Privileged Material: Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, or any other privilege or protection afforded or recognized by Rule 26 of the Federal Rules of Civil Procedure or Rule 501 of the Federal Rules of Evidence, including any such privilege or protection under applicable U.S. or foreign law, regulation or statute.

1.10   Producing Party: a Party or Non-Party that gives testimony or produces Discovery Material in this Action.

1.11   Receiving Party: a Party that receives Discovery Material from a Producing Party.

1.12   Protected Material: any Discovery Material that is designated as "CONFIDENTIAL."

**GENERAL PROVISIONS**

**II.     PURPOSE:**  The purpose of this Order is to facilitate the production of relevant and proportional Discovery Material, facilitate the prompt resolution of disputes over confidentiality and privilege, protect material that is Confidential and/or privileged, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Fed. R. Civ. P. 16 and 25, the judicial opinions interpreting such Rules, federal, state, or foreign Data Protection Laws or other privacy obligations, and any other applicable law.

**III.    Designation of Material as "CONFIDENTIAL":** Any Producing Party may designate its Discovery Material (or its confidential information contained in another party's Discovery Material) as "CONFIDENTIAL" if the Producing Party in good faith believes it contains Confidential Material as defined above. Except as otherwise provided herein, documents and other objects must be designated before disclosure or production.

**IV.    Marking:** A Party or Non-Party may designate Discovery Material as "CONFIDENTIAL" in the following manner:

a.      Electronic and Paper Documents: In the case of documents or other materials (apart from depositions or other pre-trial testimony), by affixing the appropriate legend to each page of the document.

b.      Format Electronic Documents: With respect to documents produced in native format, by including the designation in the file name.

c.      Depositions: In the case of depositions or other pre-trial testimony, by designating the portion of the transcript on the record during the deposition or by written notice served on counsel of record in this Action within 30 days after the receipt of the transcript. Before the 30-day period expires, all testimony shall be treated as Confidential Material.

d.      Non-Written Materials. In the case of non-text Confidential Material (e.g., videotape, audio tape, computer disk), by labeling the outside of the material with the designation.

**V.     Notice to Non-Parties:** Any Party issuing a subpoena to a Non-Party shall enclose a copy of this Protective Order with a request that, within fourteen (14) days of receipt, the Non-

Party either agree to the terms of this Protective Order or notify the issuing party that the Non-Party does not seek the protection of this Protective Order.

**VI.** **<u>Objections to Designation or Treatment of Confidential Material</u>:** A Party may, in good faith, object to the designation of any Discovery Material as Confidential Material at any time. The objecting Party must state its objection in writing, specifying (by Bates numbers if possible) the Discovery Material challenged and explain the basis for each objection. Counsel for the Designating Party shall thereafter, within sixty calendar (60) days, respond to such challenge in writing by either: (i) agreeing to remove the designation; or (ii) stating the specific reasons for such designation. Counsel may agree to reasonable extensions. If the objecting party continues to dispute the designation(s) at issue, the parties shall attempt to resolve each challenge in good faith by conferring directly. The objecting Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first. If the Parties cannot reach agreement as to the designation, the objecting Party may move the Court, within thirty (30) calendar days of the completion of the Parties' meet and confer, for an order determining whether the document is Confidential Material. Pending a final ruling by the Court on the motion, the initial designation and the terms of this Order remain in effect.

**AUTHORIZED DISCLOSURES OF CONFIDENTIAL MATERIAL**

**VII.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Discovery Material designated "Confidential" may be disclosed only to the following persons:

(a) The Receiving Party's Counsel, including their partners, members, associates, attorneys, paralegals, investigative, technical, secretarial, and clerical personnel assisting them in the Action;

(b) The Parties to this Action;

(c) The Court and all persons assisting the Court, including court reporters, translators, and clerical personnel, and any court-appointed special master or mediator, and staff assisting them;

(d) Any individual expert, consultant, or expert consulting firm retained by a Party or counsel of record of a Party in connection with this Action to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of the Action, provided, however, that: (a) the recipients use the information solely in connection with this Action; and (b) the recipient signs the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A;

(e) Persons providing litigation support services to counsel for any Party, including translators, photocopying, document storage, data processing, document review, graphic production, jury research or trial preparation services employed by the Parties or their counsel to assist in this Action, provided that the requirements of Paragraph 14 of this Order are met and such litigation support personnel signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A;

(f) Any person who is likely to testify in this Action, for the purpose of assisting in the preparation or examination of the witness but only as to the subject matters to which such person is reasonably thought to have specific knowledge and any information reasonably related thereto, and who has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A;

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) Any other person upon order of the Court or upon stipulation of the Designating Party, provided such person has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A.

**VIII. Acknowledgement:** Copies of the executed Acknowledgements shall be retained by counsel for the Party or Parties who disclosed the Confidential Material.

**IX. Business Records:** A Party's use for any purpose of its own documents and information which it produces or discloses in this Action shall not be a violation of this Order.

**USE OF CONFIDENTIAL MATERIAL IN THIS ACTION**

**X. Use of Discovery Material:** Confidential Material shall be used solely for

purposes of this Action, including any appeal, and not for any business or other purpose whatsoever, including, but not limited to, using such material in other pending litigations or as a basis for investigating and/or initiating litigation against Defendant or any of their parents, subsidiaries or affiliated entities unrelated to the subject matter of the Action.

**XI.** **Exclusion of Individuals from Depositions:** Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Confidential Material from any deposition where testimony regarding Confidential Material or the use of Confidential Material is likely to arise.

**XII.** **Filing of Confidential Material:** Without written permission from the Producing Party or a Court Order, a Party may not file in the public record in this Action any Confidential Material. The Parties shall comply with Local Rule 79.5 of the United States District Court for the Central District of California when seeking to file Confidential Material under seal.

**XIII.** **No Loss of Confidential Material Status by Use In Court Proceeding or Appeal:** If Confidential Material is used in any proceeding in this Action it shall not lose its designated status through such use. Notwithstanding any other provision of this Order, the Parties agree to meet and confer and to exert their best efforts to develop an appropriate procedure to prevent the disclosure of Confidential Material before such material may be used at any hearing, mediation, or other proceeding in accordance with the other provisions of this order. Absent agreement, the Producing or Designating Party shall ask the Court to issue an order governing the use of Confidential Material at any hearing, mediation or other proceeding.

**XIV.** **Confidential Material at Trial:** This Order and its protections apply for pre-trial purposes only. The Parties will meet and confer at the appropriate time regarding any use of Confidential Material at trial, which use shall be governed by a separate agreement or order. Notwithstanding the foregoing, this Order shall continue to apply after trial to all Confidential Material not disclosed at trial.

**XV.** **Third Party Request or Demand for Disclosure:** Should any person bound by this Order receive a subpoena, civil investigative demand, or other process from a third party seeking the disclosure of Confidential Material, that person shall give notice immediately to the

Parties or Third Parties who produced or designated the Confidential Material so that the Party or Third Party may seek appropriate relief, unless the third party making the request is a governmental entity that requires that the request not be disclosed. No person bound by this Order who receives a subpoena, civil investigative demand, or other process seeking Confidential Material shall produce such documents or information unless (a) ordered by a court having competent jurisdiction, or (b) such production or disclosure is consented to by the Party or Third Party that produced or designated the Confidential Material, as the case may be.

**XVI.** **Protective Order Remains In Force:** This Protective Order shall remain in force until modified, superseded, or terminated by consent of the Parties or by order of the Court. This Protective Order shall survive the termination of this litigation. The Court retains jurisdiction after termination of this litigation to enforce and modify this Protective Order,

**XVII.** **Violations of this Order:** If any person violates this Order, the aggrieved Producing or Designating Party should apply to the Court for relief. The Parties and any other person subject to this Order agree that the Court shall retain jurisdiction over them for the purpose of enforcing this Order.

**REDACTIONS ALLOWED**

**XVIII.** Any Producing Party may redact from Discovery Material those portions of Discovery Material that the Producing Party claims (i) is Privileged Material; or (ii) is Protected Data which includes information that the Producing Party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations; or (iii) is not relevant to the claims and defenses asserted in this Action in that it constitutes information that a party designated in good faith as nonresponsive and unrelated to the claims and defenses asserted by the Parties. The Designating Party shall mark each redaction with a legend stating "Redacted."

**XIX.** The right to challenge and the process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of Confidential Material as set forth in section 6 above.

## COMPLETION OF LITIGATION

**XX.** Within ninety (90) days after the final resolution of this Action (including resolution of all appellate proceedings), all Discovery Material and copies of them (other than exhibits of record) produced by a Party or Third Party which contain Confidential Material shall be either returned to the Party or Third Party who produced the Confidential Material, or destroyed. Upon request of the Party or Third Party who produced or supplied the Confidential Material, all counsel of record who received such documents shall certify compliance herewith and shall deliver the same to counsel for the Party or Third Party who produced or supplied the Confidential Material not more than ninety (90) days after the final resolution of this action. Outside counsel of record for the Parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product.

**IT IS SO STIPULATED.**

Dated: March 9, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　CAPSTONE LAW APC
　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　By: /s/ Steven R. Weinmann_____
　　　　　　　　　　　　　　　　　　　　Steven R. Weinmann
　　　　　　　　　　　　　　　　　　　　Tarek H. Zohdy
　　　　　　　　　　　　　　　　　　　　Cody R. Padgett
　　　　　　　　　　　　　　　　　　　　Trisha K. Monesi

Dated: March 9, 2020　　　　　　　　　　HERZFELD & RUBIN, P.C.
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Volkswagen Group of America, Inc.*

　　　　　　　　　　　　　　　　　　　　By: /s/ Homer B. Ramsey_____
　　　　　　　　　　　　　　　　　　　　Michael B. Gallub
　　　　　　　　　　　　　　　　　　　　Homer B. Ramsey

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**DATED:** __March 11, 2020__　　　　　　_/s/ Autumn D. Spaeth_____
　　　　　　　　　　　　　　　　　　　　**Magistrate Judge Autumn D. Spaeth**

# ATTACHMENT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER

I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in Case No. 8:19-cv-01908-JVS-ADS by the United States District Court for the Central District of California (hereinafter, "the Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

If I receive documents or information designated as Confidential Material (as the term are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order.

My address is _____.

My present employer is _____.

Dated: _____


Signed: _____

DISCOVERY DOCUMENT

# ATTESTATION
# UNDER LOCAL RULE 5-4.3.4(2)(i)

I, Homer B. Ramsey, am the ECF User whose ID and password are being used to file this **STIPULATED PROTECTIVE ORDER**.

In compliance with Local Rule 5-4.3.4(2)(i), I hereby attest that Steven R. Weinmann, counsel for Plaintiff, has concurred in this filing

Dated: March 9, 2020

                                        HERZFELD & RUBIN, P.C.

                              By:  /s/ Homer B. Ramsey
                                  Michael B. Gallub
                                  (Admitted *Pro Hac Vice*)
                                  Homer B. Ramsey
                                  (Admitted *Pro Hac Vice*)
                                  *Attorneys for Defendant*
                                  *VOLKSWAGEN GROUP OF*
                                  *AMERICA, INC.*

**ATTESTATION**

**UNDER LOCAL RULE 5-4.3.4(S)(I)**