Steven R. Weinmann (SBN 190956)
Steven.Weinmann@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

*[Additional Counsel on Signature Page]*

Attorneys for Plaintiff David Patrick

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PATRICK, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation,<br><br>Defendant. | Case No.: 8:19-cv-01908 MCS-ADSx<br><br>Hon. Mark C. Scarsi<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:       March 8, 2021<br>Time:       9:00 a.m.<br>Place:      Courtroom 7C |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 8, 2021 at 9:00 a.m., in Courtroom 7C of the above-captioned Court, located at First Street Courthouse, 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, California 90012, the Honorable Mark C. Scarsi presiding, Plaintiff David Patrick, individually and on behalf of all others similarly situated, will, and hereby does, move this Court to:

1.      Preliminarily approve the settlement set forth in the Settlement Agreement, attached as Exhibit 1 to the Declaration of Steven R. Weinmann;

2.      Conditionally certify the Settlement Class;

3.      Approve distribution of the proposed Class Notice;

4.      Conditionally appoint Plaintiff David Patrick as the Class Representative;

5.      Conditionally appoint Capstone Law APC and Berger Montague PC as Class Counsel;

6.      Conditionally appoint JND Legal Administration as the Settlement Claims Administrator;

7.      Setting deadlines for any objections to, and/or requests for exclusion form the Settlement; and

8.      Set a hearing date and briefing schedule for final settlement approval and Plaintiff's fee and expense application.

This Motion, unopposed by Defendant Volkswagen Group of America, Inc., is based upon: (1) this Notice of Motion and Motion; (2) the Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement; (3) the Declaration of Steven R. Weinmann; (4) the Declaration of Russell D. Paul; (5) the Declaration of Bradley A. Winters; (6) the Settlement Agreement and attached exhibits thereto including the proposed Class Notice and Claim Form; (7) the [Proposed] Order Granting Preliminary Approval of Class Action Settlement; (8) the records, pleadings, and papers filed in this action; and (9)

such other documentary and oral evidence or argument as may be presented to the Court at or prior to the hearing of this Motion.

Dated:  February 4, 2021                    Respectfully submitted,


                                    By:  /s/ Steven R. Weinmann
                                         Steven R. Weinmann
                                         Tarek H. Zohdy
                                         Cody R. Padgett
                                         CAPSTONE LAW APC

                                         Russell D. Paul (admitted *pro hac vice*)
                                         rpaul@bm.net
                                         Amey J. Park (admitted *pro hac vice*)
                                         apark@bm.net
                                         Berger Montague PC
                                         1818 Market Street, Suite 3600
                                         Philadelphia, PA  19103
                                         Telephone: (215) 875-3000
                                         Facsimile: (215) 875-4604

                                         *Attorneys for Plaintiff David Patrick*

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................................1

II.   FACTS AND PROCEDURE ....................................................................2

    A.   Overview of The Litigation and Plaintiff's Experience..............................2

    B.   Settlement Negotiations and Mediation ......................................................4

III.  MATERIAL TERMS OF THE PROPOSED SETTLEMENT ...........................4

    A.   Conditional Certification of The Settlement Class .....................................4

    B.   Benefit I: Service Action Updating ECM Software ...................................5

    C.   Benefit II: Reimbursement For Past Out-Of-Pocket Expenses Paid For A Covered Repair Prior To The Notice Date ........................................5

    D.   Release of Liability ....................................................................................7

    E.   Claim Submission and Administration .......................................................7

    F.   The Proposed Notice to The Settlement Class ...........................................8

    G.   Proposed Class Counsel Fees, Litigation Expenses, And Class Representative Service Award ....................................................................10

IV.  ARGUMENT ...........................................................................................11

    A.   The Court Should Grant Preliminary Settlement Approval......................11

        1.   The Settlement is Entitled to a Presumption of Fairness ...................13

        2.   The Extensive Discovery Completed Supports Preliminary Approval .........................................................................................14

        3.   The Proposed Settlement Is Well Within the Range of Reasonableness to Justify Preliminary Approval .............................15

    B.   Conditional Class Certification Is Appropriate for Settlement Purposes...................................................................................................18

        1.   The Proposed Class Meets the Requirements of Rule 23 .................18

        2.   The Proposed Class Is Numerous and Ascertainable........................19

        3.   Common Questions of Law and Fact Exist......................................19

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

4.   Plaintiff's Claims Are Typical of the Settlement Class ......................20

5.   Plaintiff and His Counsel Will Adequately Represent the
     Interests of the Proposed Settlement Class........................................21

6.   Common Issues Predominate Over Individual Issues ......................21

7.   A Class Settlement Is Superior to Other Available Means of
     Resolution ..................................................................................23

8.   Equitable Method of Allocating Relief to Class Members ...............24

9.   The Views of Experienced Counsel Should Be Accorded
     Substantial Weight...........................................................................25

V.   CONCLUSION ...............................................................................25

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Aarons v. BMW of N. Am. LLC*, 2014 U.S. Dist. LEXIS 118442 (C.D.
Cal. Apr. 29, 2014) ...................................................................................18

*Allen v. Bedolla*, 787 F.3d 1218 (9th Cir. 2015) ........................................12

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ............................18, 22, 24

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001)......................................21

*Ashgari v. Volkswagen Group of America, Inc.,* 2015 WL 12732462 (C.
D. Cal. May 29, 2015) ...............................................................................24

*Boyd v. Bank of Am. Corp.*, 2014 WL 6473804 (C.D. Cal. Nov. 18, 2014)................24

*Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. Jan. 3, 2017) ...................19

*Browne v. American Honda Motor Co., Inc.*, 2010 WL 9499072 (C.D.
Cal. 2010)...................................................................................................20

*Chamberlan v. Ford Motor Co.*, 223 F.R.D. 524 (N.D. Cal. 2004) ........................20

*Cholakyan v. Mercedes-Benz USA, LLC*, 281 F.R.D. 534 (C.D. Cal. 2012)...............17

*Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006) ..........................................20

*Eisen v. Porsche Cars North American, Inc.*, 2014 U.S. Dist. LEXIS
14301, 2014 WL 439006 (C.D. Cal. Jan. 30, 2014) ...............................25

*Estrella v. Freedom Fin'l Network*, 2010 U.S. Dist. LEXIS 61236 (N.D.
Cal. June 2, 2010).......................................................................................19

*Grodzitsky v. Am. Honda Motor Co.*, 2014 U.S. Dist. LEXIS 24599 (C.D.
Cal. Feb. 19, 2014) ....................................................................................17

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ................................passim

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)............12, 13

*In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539 (9th Cir. 2019).....12, 19, 21, 22

*In re Hyundai &Kia Fuel Econ. Litig.*, 926 F.3d 539 (9th Cir. 2019).......................19

*In re Nat'l Football League Players' Concussion Injury Litig.*, 961 F.

Supp. 2d 708 (E.D. Pa. 2014) ..................................................12

*In re Pac. Enters. Sec. Litig.*, 47 F.3d 373 (9th Cir. 1995)..........................................25

*In re Syncor ERISA Litig.*, 516 F.3d 1095 (9th Cir. 2008) ..................................12

*In re Tableware Antitrust Litig.*, 484. F. Supp. 2d 1078 (N.D. Cal. 2007) ...............12

*In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014).............................................................................................14, 17

*Laguna v. Coverall North America*, 753 F.3d 918 (9th Cir. 2014) ............................13

*Lane v. Facebook, Inc.*, 696 F.3d 811 (9th Cir. 2012) ...............................................15

*Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718 (9th Cir. 2007) ...................20

*Officers for Justice v. Civil Service Comm'n*, 668 F.3d 615 (9th Cir. 1982)...........................................................................................14, 15

*Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580 (C.D. Cal. 2008) .......................20

*Philips v. Ford Motor Co.*, 2016 WL 7428810 (N.D. Cal. Dec. 22, 2016)...............17

*Rannis v. Recchia*, 380 F. App'x. 646 (9th Cir. 2010) ................................................9

*Rodriguez v. West Pub. Corp.*, 463 F.3d 948 (9th Cir. 2009)..............................15, 17

*Ruch v. AM Retail Group, Inc.*, 2016 WL 1161453 (N.D. Cal. Mar. 24, 2016).................................................................................................12

*Smith v. Am. Greetings Corp.*, 2016 WL 362395 (N.D. Cal. Jan. 29, 2016)...............25

*Smith v. Cardinal Logistics Mgmt. Corp.*, 2008 WL 4156364 (N.D. Cal. Sep. 5, 2008) .........................................................................................23

*Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980 (N.D. Cal. 2010) .............................16

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) .............................................13, 24

*Sullivan v. DB Invs. Inc.*, 667 F.3d 273 (3d Cir. 2011) ............................................22

*Tyson Foods v. Bouaphakeo*, 136 S. Ct. 1036 (2016) ..............................................22

*Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114 (E.D. Cal. 2009)................................................................................................19

*Wakefield v. Wells Fargo & Co.*, No. C 13-05053 LB, 2014 WL 7240339 (N.D. Cal. Dec. 18, 2014).................................................................22

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).....................................................19

*Wolin v. Jaguar Land Rover N. Am.*, 617 F.3d 1168 (9th Cir. 2010)..........................20


**FEDERAL STATUTES**

15 U.S.C. § 2301 *et seq.*..............................................................................................3

28 U.S.C. § 1715......................................................................................................10

Fed. R. Civ. P. 23.....................................................................................................18

Fed. R. Civ. P. 23(a) ...........................................................................................18, 19

Fed. R. Civ. P. 23(a)(1)............................................................................................19

Fed. R. Civ. P. 23(a)(2)............................................................................................19

Fed. R. Civ. P. 23(a)(4)............................................................................................21

Fed. R. Civ. P. 23(b)(3) ...........................................................................................18

Fed. R. Civ. P. 23(c)(2)(B) .........................................................................................8

Fed. R. Civ. P. 23(e)(1)..............................................................................................8

Fed. R. Civ. P. 23(e)(2)(D).......................................................................................24


**STATE STATUTES**

CAL. BUS. & PROF. CODE § 17200 *et seq.* ...................................................................3

CAL. CIV. CODE § 1750 *et seq.*....................................................................................3

CIV. CODE § 1792, *et seq.* ..........................................................................................3


**SECONDARY AUTHORITIES**

3 Conte & Newberg, *Newberg on Class Actions* (4th ed. 2002) ...............................12

Manual for Complex Litigation (4th ed. 2004)..........................................................18

## I.    INTRODUCTION

Plaintiff David Patrick ("Plaintiff") belongs to a putative nationwide class of current and former owners and lessees of 2019 and 2020 Volkswagen Golf GTI or Jetta GLI vehicles (the "Settlement Class Vehicles") equipped with manual transmissions, imported, and distributed by Defendant Volkswagen Group of America, Inc. ("VWGoA").  Plaintiff alleges the Settlement Class Vehicles were defective in that their engines stall suddenly and unexpectedly at low speeds (such as while the vehicle was slowing down or coming to a stop) or when the vehicle was already at a stop while the engine was running. VWGoA denies these allegations and maintains that the subject vehicles were not defective and were properly designed, manufactured, marketed, and sold. Following extensive arms-length negotiations with the assistance of a distinguished mediator, Plaintiff respectfully seeks preliminary approval of a proposed nationwide class settlement ("Settlement").

Plaintiff's settlement with VWGoA provides Settlement Class Members with immediate, valuable relief in the form of: (1) the initiation of a Service Action to all present owners and lessees of Settlement Class Vehicles that successfully addresses the alleged issue by providing a software update to the engine control module to be performed free of charge by VWGoA's authorized dealers, and (2) full or partial reimbursement available to all Class members for past paid out-of-pocket expenses (parts and labor), that were incurred prior to the date of the Class Notice mailing (the "Notice Date"), for repairs made to Settlement Class Vehicles for engine stalling at low speeds (such as while the vehicle was slowing down or coming to a stop) or when the vehicle was already at a stop while the engine was running (i.e., a "Covered Repair," as defined in the Settlement Agreement), based upon terms discussed *infra*.

This Settlement is fair, reasonable, and adequate, and it provides Settlement Class Members similar, if not superior, remedies to what they could otherwise have expected to receive if the case had been successfully tried, but without the delay and substantial risks associated with continued litigation and trial. The Settlement

1  addresses the alleged engine stalling issue going forward, while also providing a

2  reimbursement program for Settlement Class Members to recoup paid out-of-pocket

3  expenses for Covered Repairs that were incurred in the past.

4      Plaintiff accordingly requests that this Court review the negotiated Settlement

5  Agreement,[1] *see* Declaration of Steven R. Weinmann, Exhibit 1, and enter an order:

6  (1) granting preliminary approval of the Settlement; (2) conditionally certifying a

7  class for settlement purposes: (3) conditionally appointing Plaintiff as Settlement

8  Class Representative, and Plaintiff's counsel, Capstone Law APC and Berger

9  Montague PC, as Settlement Class Counsel; (4) approving the parties' proposed form

10  and method of distributing notice of the action and proposed Settlement to Settlement

11  Class Members; (5) conditionally appointing JND Legal Services Administration as

12  Settlement Claims Administrator; (6) setting deadlines for the filing of any objections

13  to, or requests for exclusion from, the Settlement; and (7) setting a hearing date and

14  briefing schedule for Final Approval of the Settlement and Plaintiff's application for a

15  service award and counsel fees and expenses.

16  **II.    FACTS AND PROCEDURE**

17      **A.    Overview of the Litigation and Plaintiff's Experience**

18      As discussed above, Plaintiff alleges the Settlement Class Vehicles contain a

19  defect that causes their engines to stall suddenly and unexpectedly at low speeds or

20  when the vehicles are stopped and that this alleged defect could potentially create a

21  safety issue and may require consumers to incur expenses to remedy it. Plaintiff is a

22  California citizen who resides in Fullerton, California. FAC ¶ 10. On May 26, 2019,

23  Plaintiff leased a new 2019 Volkswagen Jetta GLI equipped with a manual

24  transmission from an authorized Volkswagen dealer in Riverside, California. *Id.* ¶ 11.

25  Plaintiff claims that from the beginning of his lease term, he experienced his vehicle's

26

27      [1] Unless indicated otherwise, all capitalized terms used herein have the same

28  definition as those defined by the Settlement Agreement.

engine stalling unexpectedly at low speeds, such as when the vehicle is coming to a stop or is stopped. *Id.* ¶ 15. Plaintiff claims he brought the vehicle to a Volkswagen dealership, which did not repair the condition. *Id.* at ¶¶ 16-17. Plaintiff filed his initial class action complaint on October 4, 2019, asserting claims against VWGoA for violation of the Consumers Legal Remedies Act (CAL. CIV. CODE § 1750, *et seq.* (CLRA)), breach of implied warranty under the Song-Beverly Warranty Act CAL. CIV. CODE § 1792, *et seq.*), breach of express and implied warranties under the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et seq.* (MMWA)), unjust enrichment, and violations of the Unfair Competition Law CAL. BUS. & PROF. CODE § 17200, *et seq.* (UCL)). Dkt No. 1, Compl., ¶¶ 74-142. VWGoA was served on October 28, 2019, and on November 15, 2019, Plaintiff filed the First Amended Complaint ("FAC") to include damages under the CLRA. Dkt No. 22, FAC ¶ 89.

On December 16, 2019, VWGoA filed a motion to dismiss five of Plaintiff's six causes of action, arguing, *inter alia*, that Plaintiff failed to allege the absence of an adequate legal remedy with respect to the equitable relief claims, failed to adequately allege that VWGoA knew of the alleged defect before Plaintiff leased his vehicle, that Plaintiff did not meet the MMWA's jurisdictional requirements, that the express warranty did not cover design defects including the alleged defect, and that unjust enrichment was not available to Plaintiff due to the existence of an express contract related to the claim and adequate remedies at law. ECF 30. Plaintiff opposed the motion (ECF 33) and, on March 5, 2020, the Court issued an order granting in part and denying in part the motion. The Court dismissed with prejudice Plaintiff's claims for equitable relief and unjust enrichment claims and sustained all other claims brought. ECF 44. On March 19, 2020, VWGoA filed its Answer. ECF 47. The Parties negotiated and filed their Joint Rule 26(f) report and a stipulated protective order and engaged in discovery. ECF 37, 45, 46. On May 5, 2020, Plaintiff served VWGoA with his first set of requests for production.

**B.    Settlement Negotiations and Mediation**

As the litigation proceeded, Plaintiff pursued settlement negotiations with VWGoA. The intensive, arm's length negotiations progressed over the course of eleven months. Declaration of Steven R. Weinmann ["Weinmann Decl."] ¶ 5. Initially, due to conferences regarding VWGoA's motion to dismiss and a joint proposed discovery schedule, the Parties agreed to elect Suggested ADR Procedure No. 3 (private dispute resolution) under Local Rule 16-15.4. The parties conferred regularly over the subsequent months, began negotiating Settlement terms simultaneously while litigating, and then participated in a mediation with Bradley A. Winters of JAMS on December 10, 2020. Throughout mediation, with the Mediator's assistance, the Parties reached agreement on all material Settlement. Thereafter, the Parties held several telephonic meetings and finalized the terms. The Settlement Agreement was executed on January 25, 2021. Weinmann Decl. ¶ 7, Ex. 1.

## III.    MATERIAL TERMS OF THE PROPOSED SETTLEMENT

**A.    Conditional Certification of the Settlement Class**

In the parties' proposed Settlement, they agree to seek conditional certification of a Settlement Class consisting of all persons and entities who purchased or leased a Settlement Class Vehicle, defined as a model year 2019 or 2020 Volkswagen Golf GTI vehicle equipped with a manual transmission, and/or a model year 2019 or 2020 Volkswagen Jetta GLI vehicle equipped with a manual transmission, that was imported and distributed by VWGoA for sale or lease in the United States or Puerto Rico.[2] Settlement Agreement ("S.A."), ¶¶ I(P), I(Q). The Settlement provides

---

[2] The following are expressly excluded from the Settlement Class: anyone claiming personal injury, property damage and/or subrogation; all Judges who have presided over the Action and their spouses; all current employees, officers, directors, agents and representatives of VWGoA, and their family members; any affiliate, parent or subsidiary of VWGoA and any entity in which VWGoA has a controlling interest; anyone acting as a used car dealer; anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement

1 | substantial benefits, as described below, which are fair, reasonable, and adequate and
2 | serve the best interests of the Settlement Class.

3 | **B.    Benefit I: Service Action Updating ECM Software**

4 | Each Class Member who owns or leases a Settlement Class Vehicle will be
5 | invited to obtain an update of the engine control module software ("software
6 | update"), free of charge, by an authorized Volkswagen dealer. This software update,
7 | which VWGoA will issue as a Service Action, successfully addresses the alleged
8 | engine stalling issue that is the subject of this case. S.A. ¶ II.A.

9 | **C.    Benefit II: Reimbursement for Past Out-Of-Pocket Expenses Paid**
10 | **for a Covered Repair Prior to the Notice Date**

11 | Settlement Class Members who, prior to the Notice Date, paid out-of-pocket
12 | expenses for a repair of engine stalling at low speeds (such as while the vehicle was
13 | slowing down or coming to a stop) or when the vehicle was already at a stop while
14 | the engine was running (a "Covered Repair") will be entitled to submit a claim for
15 | reimbursement (parts and labor), subject to conditions and limitations expressly
16 | delineated in the Settlement Agreement and Class Notice.

17 | For Settlement Class Members who timely submit a completed, signed Claim
18 | Form and required documentary proof that the condition previously repaired and paid
19 | for was a Covered Repair (engine stalling at low speeds such as while the vehicle was
20 | slowing down or coming to a stop or when the vehicle was already at a stop while the
21 | engine was running), they will be entitled to receive reimbursement of the full
22 | amount (100%) of the paid invoice cost of the Covered Repair (parts and labor),
23 | whether or not the repair was performed by an authorized Volkswagen dealer. S.A. ¶

---

Class Vehicle as a result of a total loss; any insurer of a Settlement Class Vehicle;
issuers of extended vehicle warranties and service contracts; any Settlement Class
Member who, prior to the date of the Settlement Agreement, settled with and released
VWGoA or any Released Parties from any Released Claims, and any Settlement Class
Member who files a timely and proper Request for Exclusion from the Settlement
Class. Settlement Agreement ¶ I.Q.

Plaintiff's Motion For Preliminary Approval Of Class Action Settlement

1    II.B.(1 and 2). If the repair was not performed by a VWGoA dealer, the Settlement

2    Class Member must submit documentation or a sworn declaration, confirming

3    he/she/it first attempted to have the repair performed by an authorized Volkswagen

4    dealer, but the dealer declined or was unable to do so free of charge under the existing

5    warranty. S.A. ¶ II.B.(2). This is fair and reasonable, since the warranties for most of

6    the Settlement Class Vehicles still have not expired and entitle the Class Members to

7    a free repair of the alleged engine stalling issue within the original warranty durations

8    of 6-years/72,000-miles for 2019 model year vehicles and 4-years/50,000-miles for

9    2020 model year vehicles.

10       Further, for Settlement Class Members whose supporting repair documents

11    state only that the condition repaired was engine stalling, but do not state that the

12    stalling was at low speeds (such as while the vehicle was slowing down or coming to

13    a stop) or when the vehicle was already at a stop, the Settlement Class Member may,

14    nonetheless, receive reimbursement of twenty-five percent (25%) of the paid invoice

15    cost of the Covered Repair (parts and labor) if, in addition to the other required

16    documentation, the Settlement Class Member provides a sworn declaration[3]

17    confirming that the engine stalling that was experienced did, in fact, occur at low

18    speeds (such as while the vehicle was slowing down or coming to a stop) or when the

19    vehicle was already at a stop while the engine was running. S.A. ¶ II.B.(3). This

20    added reimbursement is also available whether or not the repair was performed by a

21    VWGoA dealer (if it was not, the documents or declaration discussed above must

22    also be submitted to ensure that the Class Member first at least tried to have the repair

23    done by a dealer under warranty). *Id.*

24       The Settlement also provides a reasonable period to submit reimbursement

25    claims of 75 days after the Notice Date. S.A. ¶ II.C(1), and Ex. A thereto (Claim

26

27       [3] The pre-printed declaration forms are very clear and straightforward, and, along with the Claim Form, will be included in the Class Notice mailing. and will be

28    made available on the settlement website.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  Form). As discussed *infra*, the Class Notice and Claim Form contain robust
2  information about the case, the proposed Settlement, the Class Members' rights and
3  options, applicable deadlines, and how to call or email the Claim Administrator with
4  any questions about the Settlement, when and how to submit a reimbursement claim,
5  and any needed assistance in doing so.

6       **D.       Release of Liability**

7       In consideration of the Settlement benefits, VWGoA and its related entities and
8  affiliates (the "Released Parties," as defined in S.A. ¶ I.O) will receive a release of
9  claims and potential claims related to the alleged engine stalling in the Settlement
10 Class Vehicles that is the subject of this litigation and Settlement. Excluded from the
11 release are claims related to engine stalling that does not occur at low speeds (such as
12 when slowing down or coming to a stop) or when the vehicle is at a stop. Claims
13 related to service actions, recalls, software updates and other campaigns addressing
14 such engine stalling, arising out of or related to the litigation or the subject matter of
15 the litigation, and claims which were or could have been asserted in the litigation,
16 including all past and present claims, are likewise released. S.A. ¶ I.N. The release
17 also excludes claims for personal injury and property damage, other than damage to
18 the Settlement Class Vehicles related to engine stalling. Therefore, the scope of the
19 release properly reflects the issues in this case and the proposed Settlement.[4]

20      **E.       Claim Submission and Administration**

21      The Parties agreed to retain JND Legal Administration as Claim Administrator.
22 S.A. ¶ I.B. The Claim Administrator will carry out the Notice Plan, disseminate the
23 CAFA notice, distribute the Class Notice, administer any requests for exclusion, and

---

[4] A recently filed putative class action, *Conroy v. Volkswagen Group of America, Inc.,* No. 2:20-CV-17837, District of New Jersey (filed December 2, 2020), whose pleadings are not yet settled, may include some vehicles and claims that overlap with the vehicles and claims in this case. Any claims in Conroy determined to be overlapping would be extinguished through this settlement, while non-overlapping claims would continue in that case. The *Conroy* action was initially filed in the Northern District of New York but was voluntarily dismissed by the plaintiffs.

1    administer the Claim process including the review of reimbursement claims, and

2    distribution of payments to eligible Claimants whose claims are approved. *Id.* ¶

3    III.A., III.B., IV.  VWGoA will pay all administrative costs. *Id.* ¶ III.A.

4         The Settlement provides for a fair, equitable and straightforward process for

5    submission, review and determination of reimbursement claims. For each complete

6    claim that is approved, the Claim Administrator will mail a reimbursement check to

7    the Settlement Class Member within the later of 100 days after submission of the

8    completed Claim, or 100 days after the Effective Date. *Id.* ¶ III.B. Significantly, the

9    Settlement provides a 30-day period for a Class Member to cure any deficiencies in a

10   claim which are outlined in a deficiency letter by the Claims Administrator. *Id.* In

11   addition, any Settlement Class Member that disagrees with the ultimate denial of

12   his/her/its/their reimbursement claim in whole or in part may request an "attorney

13   review" of that decision within 14 days of such denial. *Id.*, ¶ II.C.(5). If that is

14   requested, Class Counsel and Defense Counsel will confer and make good faith

15   efforts to resolve the disputed denial. *Id.* Finally, the Class Notice and its

16   accompanying Claim Form provide all of the necessary details, including when and

17   how a reimbursement claim must be submitted, what information and proof is

18   required for a valid claim, and how to contact the Claims Administrator, or Class

19   Counsel, with any questions or requests for assistance.

20         **F.    The Proposed Notice to The Settlement Class**

21          Before approving a class settlement, "[t]he court must direct notice in a

22   reasonable manner to all class members who would be bound by the proposal." Fed.

23   R. Civ. P. 23(e)(1). Where the settlement class is certified under Rule 23(b)(3), the

24   notice must also be the "best notice that is practicable under the circumstances,

25   including individual notice to all members who can be identified through reasonable

26   effort." Fed. R. Civ. P. 23(c)(2)(B). The Settlement Agreement contains an effective

27   notice plan, to be paid for by VWGoA. S.A. ¶ IV. Settlement Class Members will be

28   located based on the Settlement Class Vehicles' VIN (vehicle identification) numbers

and using the services of Experian. *Id.* ¶ IV(B)(2). Experian tracks vehicle ownership through state title and registration records, thereby identifying the names and addresses of record of the Settlement Class Members.

In addition, the Claim Administrator will set up a dedicated Settlement website that will include the Class Notice, Claim Form, Settlement Agreement, other relevant documents, and applicable deadlines for objecting or opting out of the Settlement and for submitting Claims for reimbursement. *Id.* ¶ IV(B)(5).

Class Notice will be sent via first class mail within 120 days after entry of the Court's Order preliminarily approving this proposed Settlement. This time period is needed due to COVID-19-related restrictions and delays in obtaining vehicle ownership / Class Member name and address data through the state agencies. For any individual Class Notice returned as undeliverable, the Claim Administrator will re-mail to any provided forwarding address, and for any undeliverable notice packets where no forwarding address is provided, the Claim Administrator will perform an advanced address search (e.g., a skip trace) and re-mail any undeliverable Class Notice packets to any new and current addresses located. *Id.* ¶ IV.B.(3). Plaintiff requests that the Court approve this method of notice as the best practicable under the circumstances. *See, e.g., Rannis v. Recchia*, 380 F. App'x. 646, 650 (9th Cir. 2010) (finding mailed notice the best notice practicable under the circumstances).

The Class Notice (Ex. C to Settlement Agreement) is detailed and more than complies with Rule 23(c)(2)(B). It "clearly and concisely states in plain, easily understood language" the nature of the action; the Settlement Class definition; the class claims, issues and/or defendant's positions; the Settlement terms and benefits; the claim submission process including details and instructions regarding how and when to submit a Claim for reimbursement and the required proof/documentation for a Claim; the release of claims under the Settlement; the manner of and deadline by which Settlement Class Members may object to the Settlement, Class Counsel's requested fee/expense award, and/or the Plaintiff's requested service award; the

1   manner of and deadline by which a Settlement Class Member may request to be

2   excluded from the Settlement; the binding effect of the Settlement and release upon

3   Settlement Class Members that do not timely and properly exclude themselves from

4   the Settlement; the procedure by which Settlement Class Members may appear at the

5   final fairness hearing individually and/or through counsel; and other important

6   information about the Settlement and the Settlement Class Members' rights. *See* S.A.

7   , Ex. C.[5]

8         Pursuant to 28 U.S.C. § 1715, the Claim Administrator will provide notice to

9   the U.S. Attorney General and appropriate Attorneys General in all 50 states so that

10  the state and federal governments may make evaluations of the settlement and bring

11  any concerns to the Court's attention prior to final approval. S.A. ¶ IV.A.

12        **G.     Proposed Class Counsel Fees, Litigation Expenses, and Class**

13               **Representative Service Award**

14        Subject to Court approval, the Parties separately negotiated, after having

15  reached agreement on the class benefits, sums for reasonable Class Counsel fees and

16  expenses, and a class representative service award. *See* Weinmann Decl. ¶ 33.

17  VWGoA will not oppose an award of reasonable Class Counsel fees and expenses of

18  a combined sum up to $505,000, and Class Counsel has agreed not to seek or accept

19  any award in excess of that total sum. S.A. ¶ VIII.C.(1). This will be the subject of a

20  separate fee motion, to be filed pursuant to the schedule set forth in the Preliminary

21  Approval Order. To the extent not exceeding the agreed sum, the Fees/Expenses

22  awarded by the Court will be paid by VWGoA and will not affect or reduce the

23  Settlement benefits to the Class. Also subject to Court approval, named Plaintiff

24  David Patrick will apply for a service award for his service as a putative class

25  _____

26  [5] The Class Notice identifies the Settlement website containing information, documents, and forms. The Class Notice provides contact information for the Claims

27  Administrator and Class Counsel, where Settlement Class Members can address questions and obtain assistance. The Notice is consistent with the sample provided by

28  the Federal Judiciary Center.

1    representative in this action and his efforts to secure relief on behalf of the Settlement

2    Class, in the amount of $5,000.00, to be paid separately from the benefits to the

3    Settlement Class. *Id.* ¶ VIII.C.(2). VWGoA has agreed not to oppose the application

4    for a service award in that amount.[6]

5    **IV.    ARGUMENT**

6    　　　This is a strong settlement, with robust relief for the Class that will effectively

7    address the issues raised in the Complaint. It is the product of extensive arm's length

8    negotiations, with the assistance of a Mediator, between skilled and experienced class

9    action counsel regarding vigorously disputed claims. As set forth below, the Court

10   should grant preliminary approval of the class Settlement, and conditionally certify

11   the Settlement Class, as all criteria for both preliminary approval of the Settlement

12   based on its fairness, reasonableness and adequacy and the criteria for conditional

13   certification of a settlement class under Rule 23 are readily met.

14   　　　**A.    The Court Should Grant Preliminary Settlement Approval**

15   　　　Under Rule 23(e), a proposed class settlement should be approved when it is

16   fair, reasonable, and adequate after considering whether: (a) the class representatives

17   and class counsel have adequately represented the class; (b) the proposal was

18   negotiated at arm's length; (c) the relief provided for the class is adequate, taking into

19   account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any

20   proposed method of distributing relief to the class, including the method of

21   processing class-member claims; and (iii) any agreement required to be identified

22   under Rule 23(e)(3); and, (d) the proposal treats class members equitably relative to

23   each other.

24   　　　In the Ninth Circuit, "there is a strong judicial policy that favors settlements,

25   particularly where complex class action litigation is concerned." *In re Hyundai & Kia*

26   ───────────────

27   　　　[6] Pursuant to this Court's Standing Order Section 10(e)(i), further information
supporting Plaintiff's request for attorneys' fees, costs, and Plaintiff's service award is

28   provided in the Declarations of Steven R. Weinmann and Russell D. Paul.

1   *Fuel Econ. Litig.*, 926 F.3d 539, 556, 568 (9th Cir. 2019) (en banc); *In re Syncor*

2   *ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). For preliminary approval, the

3   Court evaluates whether the settlement is within the "range of reasonableness," and

4   whether notice to the class and the scheduling of a final approval hearing should be

5   ordered. *See generally,* 3 Conte & Newberg, *Newberg on Class Actions*, § 7.20 (4th

6   ed. 2002). "At the preliminary approval stage, the bar to meet the 'fair, reasonable

7   and adequate' standard is lowered." *In re Nat'l Football League Players' Concussion*

8   *Injury Litig.*, 961 F. Supp. 2d 708, 714 (E.D. Pa. 2014) (The Court need only review

9   the parties' proposed settlement to determine whether it is within the permissible

10  "range of possible judicial approval" and thus, whether the notice to the class and the

11  scheduling of the formal fairness hearing is appropriate. Newberg, § 11:25.

12      Preliminary approval should be granted if "the proposed settlement appears to

13  be the product of serious, informed, non-collusive negotiations, has no obvious

14  deficiencies, does not improperly grant preferential treatment to class representatives

15  or segments of the class, and falls within the range of possible approval." *Ruch v. AM*

16  *Retail Group, Inc*., 2016 WL 1161453, at *7 (N.D. Cal. Mar. 24, 2016) (quoting *In re*

17  *Tableware Antitrust Litig.*, 484. F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)). All of the

18  criteria for preliminary approval are met here.

19      The Settlement, reached with the assistance of a respected third-party mediator

20  Bradley A. Winters of JAMS, is clearly not the product of collusion. *See* Declaration

21  of Bradley A. Winters submitted herewith, ¶¶ 1, 2, 5, 8, 9. There is no collusion

22  unless it is demonstrated "that class counsel have allowed pursuit of their own self-

23  interests . . . to infect the negotiations." *Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th

24  Cir. 2015). *See also In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947

25  (9th Cir. 2011). While the parties have agreed to a maximum "clear sailing" counsel

26  fee/expenses (which is ultimately subject to the Court's determination after class

27  counsel's fee motion is filed), there was no discussion of counsel fees, expenses or a

28  class representative service award until after the many months of settlement

negotiations and the ultimate agreement on the material terms of the Settlement herein. The settlement negotiations themselves were arduous and conducted at arm's length. *See* Winters Decl., ¶¶ 7, 8, 9. In addition, counsel for both sides are very skilled and experienced class action counsel who were aptly able to evaluate the risks of proceeding through litigation and trial, including the risks of non-recovery or substantially diminished recovery, denial of class certification, summary judgment, and a defense verdict at trial and/or as a result of any appeals. With that said, the Settlement affords substantial benefits to the Settlement Class without incurring those risks or the significant delays in recovery that would result from continued litigation through trial and appeals.

Lastly, Plaintiff's Counsel does not seek a disproportionate share of fees, and there is no "reverter" of unclaimed funds to VWGoA as the Settlement does not provide for the establishment of a common fund. *See In re Bluetooth, supra.*[7]

Accordingly, the Settlement should be preliminarily approved.

### 1.    The Settlement Is Entitled to a Presumption of Fairness

In reviewing what is "otherwise a private consensual agreement negotiated between the parties to a lawsuit," the court's scrutiny should be "limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Service Comm'n*, 668 F.2d 615, 625 (9th Cir. 1982). A

---

[7] In their evaluation of fee requests, district courts must account for the fact that "the parties are compromising to avoid litigation." *Laguna v. Coverall N. Am.*, 753 F.3d 918, 922 (9th Cir. 2014) *vac'd as moot*, 2014 U.S. App. LEXIS 21950 (9th Cir. Nov. 20, 2014). Accordingly, "the district court need not inquire into the reasonableness of the fees even at the high end with precisely the same level of scrutiny as when the fee amount is litigated." *Id.* (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 966 (9th Cir. 2003)).

1  non-collusive settlement, negotiated by experienced class counsel with the

2  involvement of a respected mediator, is entitled to "a presumption of fairness." *In re*

3  *Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 450 (C.D. Cal. 2014). The

4  proposed Settlement is the product of many months of negotiations between counsel

5  and mediation before respected mediator Bradley A. Winters. Based on these factors,

6  the Settlement is entitled to a presumption of fairness. *See id.* (finding a presumption

7  of fairness where the settlement was reached following a mediation).

8          **2.**       **The Extensive Discovery Completed Supports Preliminary**

9                **Approval**

10       Both before and after the action was filed, Plaintiff's Counsel thoroughly

11  investigated and researched these claims to evaluate VWGoA's representations and

12  omissions concerning the alleged low-speed stalling issue in the case. Among other

13  tasks, Plaintiff's Counsel fielded inquiries from putative class members and

14  investigated many of their reported claims. Plaintiff's Counsel also researched

15  publicly available materials and information provided by the National Highway

16  Traffic Safety Administration ("NHTSA") concerning consumer complaints about

17  the alleged engine stalling defect. Plaintiff's Counsel also reviewed and researched

18  consumer complaints and discussions of problems relating to the alleged defect in

19  articles and forums online discussing the alleged defect. Weinmann Decl. ¶ 8.

20       Additionally, Plaintiff propounded Requests for Production of Documents and

21  received invaluable data and information from VWGoA concerning investigation and

22  root cause analyses, technical background regarding engine design and software

23  affecting engine driveability, data on customer complaints and warranty claims

24  regarding the alleged engine issue, communications between VWGoA, putative class

25  members and Volkswagen dealerships concerning reports and resolutions of the

26  alleged engine stalling issue, and detailed information regarding every putative class

27  vehicle including Vehicle Identification Numbers, production dates, warranty periods

28  and other relevant data. Further, over the course of litigation, Plaintiff's Counsel

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    responded to Class Members who reached out as to problems with their Class

2    Vehicles and sought relief. Plaintiff's Counsel also conducted interviews with Class

3    Members regarding their pre-purchase research, purchasing decisions and repair

4    histories, and developed a plan for litigation and settlement based in part on Class

5    Members' reported experiences with their Class Vehicles and VWGoA dealers.

6    Weinmann Decl. ¶ 9-10.

7    　　　　　　　　　**3.　　　The Proposed Settlement Is Well Within the Range of**

8    　　　　　　　　　　　　　**Reasonableness to Justify Preliminary Approval**

9    　　　　　The proposed Settlement is well within the range of reasonableness,

10   particularly when considering the risks and potential adverse or positive outcomes of

11   prosecuting the action. In its evaluation, "the district court's determination is nothing

12   more than an amalgam of delicate balancing, gross approximations, and rough

13   justice." *Officers for Justice*, 688 F.2d at 625. There is "no single formula" to be

14   applied, but the court may presume that the parties' counsel and the mediator arrived

15   at a reasonable range of settlement by considering the plaintiffs' likelihood of

16   recovery. *Rodriguez v. West Pub. Corp*., 463 F.3d 948, 965 (9th Cir. 2009). Moreover,

17   the Ninth Circuit has expressly rejected any requirement that the settling parties value

18   maximum damages that can be obtained at trial, as that figure would be inherently

19   speculative. *Lane v. Facebook, Inc*., 696 F.3d 811, 818 (9th Cir. 2012) ("[N]ot only

20   would such a requirement be onerous, it would often be impossible... [since] the

21   amount of damages of a given plaintiff (or class of plaintiffs) has suffered in a

22   question of fact that must be proved at trial.").

23   　　　　　This Settlement offers substantial benefits to Settlement Class Members,

24   including the issuance of a nationwide service action affording a software update for

25   the engine control module free-of-charge to the Settlement Class Members, and

26   reimbursement for past paid out-of-pocket expenses incurred for a Covered Repair.

27   Thus, when weighed against the risk of further litigation, the Settlement clearly falls

28   within the range of reasonableness. While Plaintiff believes that his case is strong on

the merits, VWGoA has raised a number of substantive defenses that present serious risks to Plaintiff's case. These defenses include, among others, that no engine stalling defect exists, and that the isolated instances of stalling occurred only at very low speeds or at a stop, and thus did not pose any safety hazard. In addition, VWGoA has issued several software updates in the past which have substantially reduced the alleged incidence of said engine stalling. VWGoA will also assert that it did not have sufficient pre-sale knowledge of Plaintiff's claimed defect, did not commit any misrepresentations or material omissions, did not violate any common law or statutory duties, and did not breach its warranties which, as stated earlier, are very robust (and even at present have not yet expired for most of the Settlement Class Vehicles). VWGoA has also asserted defenses with respect to Plaintiff's claims of duty to disclose, causation, breach of any warranty and/or damages. Other defenses will likely be asserted with respect to the claims of absent Class Members under applicable state laws.

There is a risk that even if the existence of a defect can be proven, it may not lead to legal liability under federal or state statutes. *See*, *e.g.*, *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 991-92 (N.D. Cal. 2010) (granting defendant's motion for summary judgment and finding no safety risk), *aff'd*, 462 F. App'x 660 (9th Cir. 2011). Plaintiff would have to establish violations of individual state and federal consumer protection and warranty statutes.

There is also a real risk that if the litigation proceeds, class certification may not be granted. VWGoA has raised a number of defenses to class certification in the litigation context, including the assertions that liability and damages cannot be prosecuted on a class-wide basis, and that the many individual issues among the putative class members and their vehicles would predominate over common issues (such as what the Class members saw or relied upon and how they interacted with the VWGoA dealerships, if any). VWGoA would further argue differences among the vehicle models (*i.e.* Golf GTI vs. Jetta GLI) and in the manifestation of the engine

stalling issue that preclude class certification of the consumer fraud claims. VWGoA would also argue that engine stalling may result from many differing causes, including improper or insufficient maintenance, improper repairs, vehicle misuse or abuse, vehicle damage and other external contributors, driving conditions, and driver input, particularly given the putative class vehicles have manual transmissions.

While Plaintiff would vigorously dispute these claims, consumers bringing automotive defect actions are frequently denied class certification due to lack of common proof.[8]  Recently, a California district court denied class certification involving a theory based on material omission of a similar defect. *See Philips v. Ford Motor Co*., 2016 WL 7428810, *17 (N.D. Cal. Dec. 22, 2016) (finding plaintiffs failed to present a compelling damages model supporting a class wide determination regarding Ford's alleged omissions).

This body of recent case law demonstrates that, had the case continued, "plaintiffs [would] face[] a substantial risk of incurring the expense of a trial without any recovery." *In re Toys "R" Us-Del FACTA Litig*., 295 F.R.D. at 451. Indeed, the risk of continuing litigation, including the risk of new adverse statutory or case law, increased costs, and expiration of a substantial amount of time, weigh heavily in favor of settlement. *Rodriguez*, 463 F.3d at 966.  A class action against a major automotive manufacturer, where Plaintiff alleges that over 14,800 vehicles suffer from an engine stalling defect, has the strong potential to engulf plaintiff and attorneys in protracted court battles where the outcome is uncertain. This proposed Settlement resolves such uncertainties in favor of the Class Members, who will be eligible for prompt and substantial relief.

---

[8] *See*, *e.g.*, *Grodzitsky v. Am. Honda Motor Co*., 2014 U.S. Dist. LEXIS 24599 (C.D. Cal. Feb. 19, 2014) (denying certification due to lack of evidence that common materials were used for all defective "window regulators" in the class); *Cholakyan v. Mercedes-Benz USA, LLC*, 281 F.R.D. 534, 553 (C.D. Cal. 2012) ("There is also no evidence that a single design flaw that is common across all of the drains in question is responsible for the alleged water leak defect…").

1    In a contested certification motion, VWGoA would likely submit expert

2    testimony, and Plaintiff would rely on the testimony of a technical expert to dispute

3    these potential arguments, an expert on consumer expectations, and a damages

4    expert, further increasing risks. *See Aarons v. BMW of N. Am. LLC*, 2014 U.S. Dist.

5    LEXIS 118442, at *29-31 (C.D. Cal. Apr. 29, 2014) (approving a settlement for

6    repairs/reimbursement of transmission defect and observing "it is the very uncertainty

7    of outcome in litigation and avoidance of wasteful and expensive litigation that

8    induce consensual settlements." [citation omitted]).  Given the substantial risks of

9    continued litigation, including maintaining class certification, and the significant

10    relief secured for the Class, the proposed Settlement should be viewed as a fair,

11    reasonable, and adequate compromise of the issues in dispute.

12    **B.    Conditional Class Certification Is Appropriate for Settlement
13    Purposes**

14    **1.    The Proposed Class Meets the Requirements of Rule 23**

15    For settlement purposes, the proposed Settlement Class meets the requirements

16    of Rule 23. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997); Manual for

17    Complex Litigation, § 21.632. An analysis of the requirements of Rule 23(a) and

18    (b)(3), commonly referred to as numerosity, commonality, typicality, adequacy,

19    predominance, and superiority, shows that certification of this proposed Settlement

20    Class is appropriate. Here, the Court must apply the criteria for class certification

21    "differently in litigation classes and settlement classes." *In re Hyundai & Kia Fuel

22    Econ. Litig.*, 926 F.3d at 556. For example, in deciding whether to certify a litigation

23    class, a district court must be concerned with manageability at trial. However, such

24    "manageability is not a concern in certifying a settlement class where, by definition,

25    there will be no trial." *Id.* The Ninth Circuit en banc court in *Hyundai* recognized that

26    the element of predominance is "readily met" in cases, such as here, alleging

27    consumer fraud. *Id.* at 559. This is particularly true here, where the Class comprises a

28    very defined set of consumers, as discussed below.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## 2.    The Proposed Class Is Numerous and Ascertainable

The numerosity requirement is met where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Generally, courts will find a class sufficiently numerous if it consists of 40 or more members. *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1121 (E.D. Cal. 2009) (numerosity is presumed at a level of 40 members). Here, the Settlement Class consists of current and former owners of approximately 14,847 Settlement Class Vehicles sold in the United States, satisfying this requirement (9,069 GTIs, and 5,778 GLIs for the 2019-2020 model years). As with any other automotive class settlement, the class here is readily ascertainable, *see Briseno v. ConAgra Foods, Inc*., 844 F.3d 1121, 1125 n.4 (9th Cir. Jan. 3, 2017); *Hyundai,* 926 F.3d at 554 (certifying same type of settlement class of all current and former owners and lessees of settlement class vehicles).

## 3.    Common Questions of Law and Fact Exist

Commonality, the second Rule 23(a) requirement, is satisfied "if there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The operative criterion for commonality is "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The "commonality requirement has been 'construed permissively,' and its requirements deemed minimal." *Estrella v. Freedom Fin'l Network*, 2010 U.S. Dist. LEXIS 61236, at *25 (N.D. Cal. June 2, 2010) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)). A single common question of law or fact satisfies this requirement. *See Dukes*, 564 U.S. at 369.

Here, each Class Member purchased or leased a Settlement Class Vehicle that, Plaintiff claims, contained the same alleged defect resulting in engine stalling at low speeds or when the vehicle issue is stopped with the engine running, and that VWGoA misrepresented or omitted facts relating to this alleged issue. VWGoA contends that the Class Vehicles are not defective and it did not commit any

misrepresentation or omission concerning the engines in the Class Vehicles. Viewed in the context of a class settlement, issues relating to whether the Settlement Class Vehicles were defective; if so, when VWGoA had knowledge of same, and whether VWGoA breached any duty to disclose any such knowledge, present common issues of fact and law that satisfy the "commonality" standard.

The need to determine whether an inherent defect exists not only satisfies Rule 23's commonality requirement, but it raises the overarching common question that has resulted in class treatment in other automotive defect cases. *See*, *e.g.*, *Hanlon*, 150 F.3d at 1020 (allegedly defective rear liftgate latches); *Browne v. Am. Honda Motor Co., Inc.*, 2010 WL 9499072, at *1 (C.D. Cal. 2010) (allegedly defective braking system); *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 595-97 (C.D. Cal. 2008) (allegedly defective flywheels); *Chamberlan v. Ford Motor Co.*, 223 F.R.D. 524, 526 (N.D. Cal. 2004) (allegedly defective engine intake manifolds); *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006) (allegedly defective throttle body assembly); *see also*, *Wolin v. Jaguar Land Rover N. Am.*, 617 F.3d 1168, 1172 (9th Cir. 2010) (holding that whether the LR3's alignment geometry was defective, whether Land Rover was aware of the defect, whether Land Rover concealed the nature of the defect in violations of consumer protection statutes, and whether Land Rover was obligated to pay for or repair the alleged defect pursuant to the express or implied terms of its warranties are all common issues of law or fact that satisfy the commonality requirement).

### 4.    Plaintiff's Claims Are Typical of the Settlement Class

"In determining whether typicality is met, the focus should be on the defendants' conduct and plaintiff's legal theory, not the injury caused to the plaintiff." *Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718, 734 (9th Cir. 2007). Thus, typicality is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (citation

omitted). Here, Plaintiff asserts that Class Members' claims involving the same Settlement Class Vehicles alleged to contain the same defect, claimed by Plaintiff not to have properly been disclosed, are reasonably coextensive with Plaintiff's legal claims. FAC ¶¶ 16-50. It is alleged that each Class Member's claims arise from the same course of conduct—the claim that VWGoA knowingly failed to disclose the alleged defect to its customers. Plaintiff's claims are thus typical of the Class, as "they are reasonably coextensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. Plaintiff and Class Members would also similarly benefit from the relief provided by the Settlement. Accordingly, typicality is satisfied.

### 5.    Plaintiff and His Counsel Will Adequately Represent the Interests of the Proposed Settlement Class

Adequacy is satisfied because "the representative parties will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4); specifically: (a) the proposed representative Plaintiff does not have a conflict of interest with the proposed class, and, (b) Plaintiff is represented by qualified and competent counsel. *Hanlon*, 150 F.3d at 1020. Here, Plaintiff is an adequate class representative, as he has no conflict of interest with the proposed Class and, in fact, shares a common interest with the Class with respect to the Class Vehicles and claims. There are plainly no "material conflicts [that] exist[] among class members." *Hyundai*, 926 F.3d at 559 (citing *Hanlon v. Chrysler Corp*, 150 F.3d 1011, 1021 (9th Cir. 1998).

In addition, Plaintiff is represented by competent counsel, who are very experienced and well-versed in prosecuting automotive litigation and/or class action matters. (*See, e.g.*, Weinmann Decl. ¶¶ 14-16 Ex. 2; Paul Decl. ¶¶ 3-6, Ex. 1)

### 6.    Common Issues Predominate Over Individual Issues

The predominance inquiry under Rule 23(b)(3) asks "whether the common, aggregation-enabling issue are more prevalent or more important than the non-common, aggregation-defeating, individual issues." *Tyson Foods v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (citation omitted). "When one or more of the central issues

1  in the action are common to the class and can be said to predominate, the action may

2  be proper under Rule 23(b)(3) even though other important matters will have to be

3  tried separately, such as damages or some affirmative defenses peculiar to some

4  individual class members." *Id.* So long as there is a "clear justification for handling

5  the dispute on a representative rather than an individual basis" (*Hanlon*, 150 F.3d at

6  1022), the inquiry is satisfied. If "just one common question predominates" the action

7  may be considered proper under Rule 23(b)(3), and regardless whether "other

8  important matters [would] have to be tried separately." *See Hyundai*, 926 F.3d at 557.

9      Manageability at trial is not a concern in the class action settlement context,

10  "for the proposal is that there be no trial." *Amchem*, *supra*, 521 U.S. at 620. Indeed,

11  the predominance inquiry in the context of a nationwide class settlement should be

12  considered under "three guideposts":

13  [F]irst, that commonality is informed by the defendant's

14  conduct as to all class members and any resulting injuries common to all class members; second, that variations in

15  state law do not necessarily defeat predominance; and third, that concerns regarding variations in state law

16  largely dissipate when a court is considering the certification of a settlement class.

17  *Sullivan v. DB Invs. Inc.*, 667 F.3d 273, 297 (3d Cir. 2011) (en banc); *see also,*

18  *Wakefield v. Wells Fargo & Co.*, 2014 WL 7240339, at *4 (N.D. Cal. Dec. 18, 2014)

19  (adopting *Sullivan*'s analysis that state law variations dissipate in a settlement class).

20  Under similar guiding principles, the Ninth Circuit en banc court recently confirmed

21  that in the class settlement context, predominance is not defeated by certifying a

22  nationwide settlement class alleging state law violations. *See Hyundai*, 926 F.3d at

23  558-62 (affirming certification of nationwide settlement class of "all current and

24  former owners and lessees" of certain Hyundai and Kia vehicles).

25      Here, for purposes of settlement, the predominance test is satisfied, as the

26  proposed Settlement makes the relief in the form of a software update and cash

27  reimbursement for out-of-pocket repair expenses available for all Class Members

28  based on easily ascertainable criteria, bypassing whatever individual evidentiary and

1    factual issues that could arise in litigation in determining liability or damages.

2    Consequently, common questions predominate over individual issues that might have

3    arisen had this action continued to be litigated.

4    **7.    A Class Settlement Is Superior to Other Available Means of**

5    **Resolution**

6    There can be little doubt that resolving all Class Members' claims through a

7    single class action is superior to a series of individual lawsuits. "From either a judicial

8    or litigant viewpoint, there is no advantage in individual members controlling the

9    prosecution of separate actions. There would be less litigation or settlement leverage,

10   significantly reduced resources and no greater prospect for recovery." *Hanlon*, 150

11   F.3d at 1023. Indeed, the huge costs to a Class Member of prosecuting an individual

12   action that seeks to prove the existence of an automotive design defect and a violation

13   of common and statutory consumer laws would far outweigh the amount of any

14   realistic recovery. Finally, the issues involved here were prosecuted by experienced

15   class action counsel with much more substantial resources than most individuals, and

16   the very favorable terms of the Settlement negotiated, on behalf of the nationwide

17   Settlement Class as a whole, demonstrate the advantages of a class action.

18   The damages sought by each Class Member here, while representing an

19   important purchase for Class Members, are not so large as to support incurring the

20   significant costs of individual lawsuits, and thus do not weigh against the certification

21   of a class action. *See Smith v. Cardinal Logistics Mgmt. Corp.*, 2008 WL 4156364, at

22   *32-33 (N.D. Cal. Sep. 5, 2008) (finding that class members had a small interest in

23   personally controlling the litigation even where the average amount of damages was

24   $25,000-$30,000 per year). The sheer number of separate trials otherwise required,

25   the interests of judicial economy, and the risk of inconsistent results also favor

26   settlement.

27   Resolving all Settlement Class Members' claims through a single class action

28   is clearly superior to a series of individual lawsuits. "From either a judicial or litigant

viewpoint, there is no advantage in individual members controlling the prosecution of separate actions. There would be less litigation or settlement leverage, significantly reduced resources and no greater prospect for recovery." *Hanlon*, 150 F.3d at 1023. In the settlement context, there can be no objection that class proceedings would present any intractable management problems that sometimes override the collective benefits of class actions, "for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620.

### 8.    Equitable Method of Allocating Relief to Class Members

The Rule 23(e)(2) factor turns on whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e)(2)(D), Advisory Committee's Notes. Here, the Settlement generally treats all Class Members the same. All current owners and lessees are equally eligible to receive the free Service Action ECU software update that addresses the alleged engine stalling issue. In addition, all present and former owners and lessees are eligible for reimbursement under the Settlement to the extent that they paid out-of-pocket expenses for a past Covered Repair and otherwise meet the settlement criteria. *See Ashgari v. Volkswagen Grp. of Am., Inc.,* 2015 WL 12732462, *7 (C. D. Cal. May 29, 2015) (approving settlement providing for reimbursement based upon proof of repairs). Thus, the Settlement treats all class members equitably, further supporting approval of the Settlement.[9]

---

[9] That Plaintiff may receive a modest service award in recognition for his service on behalf of the class is of no moment, as such awards are routinely approved in class settlements *Boyd v. Bank of Am. Corp.*, 2014 WL 6473804, at *7 (C.D. Cal. Nov. 18, 2014) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 976-77 (9th Cir. 2003)). The awards here are comparable to the "typical incentive awards in the Ninth Circuit, where $5,000 is presumptively reasonable." *Smith v. Am. Greetings Corp.*, 2016 WL 362395, at *10 (N.D. Cal. Jan. 29, 2016).

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**9.    The Views of Experienced Counsel Should Be Accorded Substantial Weight**

That sophisticated parties with experienced counsel have agreed to settle their dispute should be given considerable weight by courts, since "parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). Here, the Parties achieved a settlement after a thorough analysis of the facts and issues, including a rigorous analysis of the Parties' claims and defenses. The expectations of all Parties are embodied by the Settlement, which is non-collusive, being the product of extensive arms' length negotiations of vigorously disputed issues and finalized with the assistance of an experienced mediator. The Parties were represented by experienced class action counsel possessing significant experience in automotive defect and class action matters. *See, e.g.*, Weinmann Decl. ¶¶ 14-15, Ex. 2; Paul Decl. ¶¶ 3-6, Ex. 1.) Likewise, VWGoA's counsel, Herzfeld & Rubin, P.C., is a renowned class action defense firm. The Parties' recommendation to approve this Settlement should therefore "be given great weight." *Eisen v. Porsche*, 2014 WL 439006, at *5 (crediting the experience and views of counsel in approving a settlement resolving automotive defect allegations).

**V.    CONCLUSION**

Plaintiff asks the Court to preliminarily approve this fair and reasonable Settlement Agreement; conditionally certify the Settlement Class, appoint Class Counsel and David Patrick as Class Representative; conditionally approve the Claims Administrator; direct notice to the class; set deadlines for objections and requests for exclusion; and set a hearing date and briefing schedule for final Settlement approval and Plaintiff's fee and expense application.

1    Dated:  February 4, 2021                    Respectfully submitted,

2

3                                        By:  /s/ Steven R. Weinmann

4                                              Steven R. Weinmann
                                              Tarek H. Zohdy
5                                              Cody R. Padgett
                                              CAPSTONE LAW APC

6
                                              Russell D. Paul (admitted *pro hac vice*)
7                                              rpaul@bm.net
                                              Amey J. Park (admitted *pro hac vice*)
8                                              apark@bm.net
                                              Berger Montague PC
9                                              1818 Market Street, Suite 3600
                                              Philadelphia, PA  19103
10                                             Telephone: (215) 875-3000
                                              Facsimile: (215) 875-4604
11

12                                             *Attorneys for Plaintiff David Patrick*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT