Steven R. Weinmann (SBN 190956)
Steven.Weinmann@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:  (310) 943-0396

Attorneys for Plaintiff David Patrick

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PATRICK, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation,<br><br>Defendant. | Case No.: 8:19-cv-01908 MCS-ADSx<br><br>Hon. Mark C. Scarsi<br><br>**DECLARTION OF STEVEN R. WEINMANN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   March 8, 2021<br>Time:   9:00 a.m.<br>Place:  Courtroom 7C |

**DECLARATION OF STEVEN R. WEINMANN**

I, Steven R. Weinmann, hereby declare:

1. I am an attorney at law duly licensed to practice before the courts of the State of California, all Federal District Courts in California, and various District Courts and Circuit Courts of Appeal throughout the United States. I am also a Senior Counsel at Capstone Law APC ("Capstone," or collectively with Berger Montague, "Plaintiff's Counsel"), counsel of record for Plaintiff David Patrick ("Plaintiff") in the above-captioned action. Unless the context indicates otherwise, I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could and would testify competently to them. I make this declaration in support of the Motion for Preliminary Approval of Class Action Settlement.

**OVERVIEW OF THE LITIGATION AND SETTLEMENT NEGOTIATIONS**

2. Plaintiff commenced this action on October 4, 2019, bringing claims on behalf of a putative nationwide class of current and former owners and lessees of 2019 and 2020 Volkswagen Golf GTI or Jetta GLI vehicles (the "Class Vehicles") equipped with manual transmissions manufactured by Defendant Volkswagen Group of America, Inc. ("VWGoA"). VWGoA was served on October 28, 2019, and on November 15, 2019, Plaintiff filed the First Amended Complaint ("FAC") to include damages under the Consumers Legal Remedies Act (CAL. CIV. CODE § 1750, *et seq.* ("CLRA").)

3. Thereafter, VWGoA filed its motion to dismiss five of Plaintiff's six causes of action, which Plaintiff opposed and the Court largely denied, dismissing with prejudice only one of Plaintiff's six claims. On March 19, 2020, VWGoA filed its Answer to Plaintiff's First Amended Complaint.

4. The Parties worked to prepare for and begin formal discovery, including the negotiation and filing of a Joint Rule 26(f) report and a stipulated protective order. On May 5, 2020, Plaintiff served VWGoA with Requests for Production of Documents. In response, Plaintiff received invaluable data and information from

1  VWGoA including warranty claims data and internal VWGoA documents regarding
2  the alleged Defect.
3       5.     As the litigation proceeded, Plaintiff simultaneously pursued settlement
4  negotiations with VWGoA. The negotiations, which were intensive and at arm's
5  length, progressed over the course of eleven months.
6       6.     As a result of conferences regarding VWGoA's motion to dismiss and a
7  joint proposed discovery schedule, the Parties initially agreed to elect Suggested ADR
8  Procedure No. 3 (private dispute resolution) under Local Rule 16-15.4. The parties
9  then conferred regularly over the subsequent months and eventually agreed to
10 participate in a mediation with Bradley A. Winters of JAMS on December 10, 2020.
11      7.     Over the course of the mediation, the Parties agreed on the principal
12 terms of the proposed class relief, and after several subsequent telephone conferences
13 to finalize the terms, the Parties were eventually able to negotiate a complete settlement
14 of the claims at issue. The settlement is set forth in complete and final form in the
15 Settlement Agreement, a true and correct copy of which is attached as Exhibit 1, which
16 was executed on January 25, 2021.

17                **PLAINTIFF THOROUGHLY INVESTIGATED THE CLAIMS AND DEFENSES**

18      8.     Both before and after these actions were filed, Plaintiff's Counsel
19 thoroughly investigated and researched his claims, which allowed Plaintiff's Counsel
20 to better evaluate VWGoA's representations and omissions concerning the functioning
21 of the Class Vehicles' engines and reports of sudden and unexpected stalling while
22 driving at low speeds or when the vehicle was already at a stop while the engine was
23 running. Among other tasks, Plaintiff's Counsel fielded inquiries from putative Class
24 Members and investigated many of their reported claims. Plaintiff's Counsel also
25 inspected an exemplar vehicle, researched publicly available materials and information
26 provided by the National Highway Traffic Safety Administration ("NHTSA")
27 concerning consumer complaints about the engine stalling defect; reviewed and
28 researched consumer complaints and discussions of transmission problems in articles

and forums online, in addition to various documents and technical service bulletins ("TSBs") discussing the alleged defect; and also conducted research into the various causes of action and other similar automotive actions.

9. Over the course of litigation, Plaintiff's Counsel responded to Class Members who us to report problems with their Class Vehicles and seek relief. Plaintiff's Counsel also conducted detailed interviews with Class Members regarding their pre-purchase research, their purchasing decisions, and their repair histories, and developed a plan for litigation and settlement based in part on Class Members' reported experiences with their Class Vehicles and with VWGoA dealers.

10. Plaintiff's Counsel also received pertinent documents and information produced by VWGoA, including spreadsheets with warranty and sales data. All of this information was thoroughly and meticulously reviewed by Plaintiff's Counsel, which enabled us to identify information that was instrumental to the case and to Plaintiff's efforts during mediation.

## SETTLEMENT BENEFITS AND RECOGNITION OF DIFFICULTIES ASSOCIATED WITH LITIGATION

11. My colleagues and I have been responsible for the prosecution of this Action and for the negotiation of the Settlement Agreement. We have vigorously represented the interests of the Class Members throughout the course of the litigation and settlement negotiations.

12. The Settlement is an excellent result as it provides the Class with valuable relief, including (1) the initiation of a Service Action, free of charge to all present owners and lessees of Settlement Class Vehicles, that remedies the alleged issue by providing a software update to the engine control module to be performed by VWGoA's authorized dealers, and (2) full or partial reimbursement available to all Class members for past paid out-of-pocket expenses (parts and labor), that were incurred prior to the date of the Class Notice mailing (the "Notice Date"), for repairs made to Settlement Class Vehicles for the alleged defect; *i.e.*, engine stalling at low

1  speeds (such as while the vehicle was slowing down or coming to a stop) or when the
2  vehicle was already at a stop while the engine was running (i.e., a "Covered Repair," as
3  defined in the Settlement Agreement).

4      13.    Plaintiff remains convinced that his case has merit, but he recognizes the
5  substantial risk that comes along with continued litigation. Based on our investigation
6  and review of information and evidence produced by VWGoA, and in consideration of
7  the risks of continued litigation and the relative strengths and weaknesses of Plaintiff's
8  claims and VWGoA's defenses, we have concluded that the Settlement represents an
9  excellent result for Class Members.

**QUALIFICATIONS TO SERVE AS CLASS COUNSEL**

11      14.    Capstone is one of California's largest plaintiff-only labor and consumer
12  law firms.  With over twenty-five seasoned attorneys, Capstone has the experience,
13  resources, and expertise to successfully prosecute complex employment and consumer
14  actions.

15      15.    Short biographies summarizing my experience and that of other attorneys
16  at Capstone are set forth in the firm resume attached as Exhibit 2.  Also set forth in the
17  firm resume are Capstone's accomplishments since its creation in 2012.

18      16.    Capstone, as lead or co-lead counsel, has obtained final approval of sixty
19  class actions valued at over $100 million dollars.  Recognized for its active class action
20  practice and cutting-edge appellate work, Capstone's recent accomplishments have
21  included three of its attorneys being honored as California Lawyer's Attorneys of the
22  Year ("CLAY") in the employment practice area for 2014 for their work in the
23  landmark case *Iskanian v. CLS Transportation Los Angeles*, 59 Cal. 4th 348 (2014).

24      17.    Capstone has an established practice in automotive defect class actions
25  and is currently appointed sole class counsel, following contested class certification, in
26  *Victorino v. FCA US, LLC*, No. 16-1617-GPC, 2019 WL 5268670 (S.D. Cal. Oct. 17,
27  2019) and *Salas v. Toyota Motor Sales, U.S.A., Inc*., No. 15-8629-FMO, 2019 WL
28  1940619 (C.D. Cal. Mar. 27, 2019). Capstone has negotiated numerous class action

settlements providing relief to owners/lessees the last five years. *See, e.g., Weckwerth, et al. v. Nissan North America, Inc.,* No. 3:18-cv-00588 (M.D. Tenn, Mar. 10, 2020) (finally approving settlement on behalf of millions of Nissan drivers with alleged transmission defects); *Wylie, et al. v. Hyundai Motor America,* No. 8:16-cv-02102-DOC (C.D. Cal. Mar. 02, 2020) (finally approving settlement on behalf of tens of thousands of Hyundai drivers with alleged transmission defects); *Granillo v. FCA US LLC,* No. 16-00153-FLW (D. N.J. Feb. 12, 2019); *Morishige v. Mazda Motor of Am., Inc.,* No. BC595280 (Los Angeles Sup. Ct. Aug. 20, 2019); *Falco v. Nissan N. Am. Inc.*, No. 13-00686-DDP (C.D. Cal. July 16, 2018), Dkt. No. 341 (finally approving settlement after certifying class alleging timing chain defect on contested motion); *Vargas v. Ford Motor Co.*, No. CV12-08388 AB (FFMX), 2017 WL 4766677 (C.D. Cal. Oct. 18, 2017) (finally approving class action settlement involving transmission defects for 1.8 million class vehicles); *Batista v. Nissan N.Am., Inc.*, No. 14-24728-RNS (S.D. Fla. June 29, 2017), Dkt. 191 (finally approving class action settlement alleging CVT defect); *Chan v. Porsche Cars N.A., Inc.*, No. No. 15-02106-CCC (D. N.J. Oct. 6, 2017), Dkt. 65 (finally approving class action settlement involving alleged windshield glare defect); *Klee v. Nissan N. Am., Inc.*, No. 12-08238-AWT, 2015 WL 4538426, at *1 (C.D. Cal. July 7, 2015) (settlement involving allegations that Nissan Leaf's driving range, based on the battery capacity, was lower than was represented by Nissan); *Asghari v. Volkswagen Group of America, Inc.*, Case No. 13-cv-02529-MMM-VBK, 2015 WL 12732462 (C.D. Cal. May 29, 2015) (class action settlement providing repairs and reimbursement for oil consumption problem in certain Audi vehicles).

**PLAINTIFF'S COUNSEL AND PLAINTIFF HAVE INVESTED SIGNIFICANT TIME IN THE PROSECUTION IN THIS ACTION AND ARE ADEQUATE REPRESENTATIVES OF THE CLASS**

18. Throughout the course of investigation, pleadings, mediation, and filing of the Settlement Agreement with the Court, Capstone's attorneys have devoted significant time and resources to the investigation, development, and resolution of this case.

19. The Parties agreed, subject to Court approval, that VWGoA will pay attorneys' fees and expenses in the amount of $505,000 (see Settlement Agreement ¶ VIII.C.(1)). Plaintiff will submit declarations detailing their lodestar, hourly rates, and all expenditures with their motion for attorneys' fees and expenses.

20. The following chart identifies the attorneys who worked on this matter, their positions, hours worked, hourly rate, and corresponding fee:

| Attorney | Title | CA Bar Yr | Rate | Hours | Fees |
|---|---|---|---|---|---|
| Steven Weinmann | Senior Counsel | 1997 | $775 | 120.4 | $93,310.00 |
| Raul Perez | Partner | 1994 | $775 | 11.2 | $8,680.00 |
| Robert Friedl | Senior Counsel | 1988 | $745 | 30 | $22,350.00 |
| Ryan Wu | Partner | 2002 | $675 | 3 | $2,025.00 |
| Tarek Zohdy | Senior Counsel | 2006 | $575 | 89.5 | $51,462.50 |
| Jamie Greene | Partner | 2007 | $545 | 8.7 | $4,741.50 |
| Eduardo Santos | Senior Counsel | 2007 | $545 | 6.7 | $3,651.50 |
| Cody Padgett | Associate | 2011 | $420 | 72.5 | $30,450.00 |
| Jordan Carlson | Fmr. Associate | 2013 | $345 | 16.8 | $5,796.00 |
| Trisha Monesi | Associate | 2015 | $345 | 13.8 | $4,761.00 |
| Michelle Kennedy | Associate | 2018 | $265 | 50.9 | $13,488.50 |
| **Total** | | | | **423.5** | **$240,716.00** |

///

///

21. To assist the Court in evaluating the reasonableness of the hours billed by Capstone's attorneys to this litigation, Capstone has prepared additional tables that summarize the work performed by each attorney and to correlate that time to the major tasks of the litigation. These tables are as follows:

| Major Tasks | Hours | Fees |
|---|---|---|
| Pleadings & Non-Motion Filings | 37.3 | $16,946.00 |
| Legal & Factual Analysis of Claims and Defenses | 79.2 | $28,789.00 |
| Case Management | 7.1 | $3,737.50 |
| Discovery | 25.7 | $15,029.00 |
| Motion to Dismiss | 63.7 | $44,671.00 |
| Mediation & Settlement Negotiations | 87.6 | $53,275.50 |
| Drafting Settlement Papers and Approval Motion | 106.4 | $73,554.00 |
| Communications with Class Members | 16.5 | $4,714.00 |
| **Total** | **423.5** | **$240,716.00** |

| Pleadings & Non-Motion Filings | | | |
|---|---|---|---|
| Attorney | Rate | Hours | Fee |
| Steven Weinmann | $775 | 0.8 | $620.00 |
| Tarek Zohdy | $575 | 11.5 | $6,612.50 |
| Cody Padgett | $420 | 15.9 | $6,678.00 |
| Trisha Monesi | $345 | 7.8 | $2,691.00 |
| Michelle Kennedy | $265 | 1.3 | $344.50 |
| **Total** | | **37.3** | **$16,946.00** |

| Legal & Factual Analysis of Claims and Defenses | | | |
|---|---|---|---|
| Attorney | Rate | Hours | Fee |
| Steven Weinmann | $775 | 0.5 | $387.50 |
| Tarek Zohdy | $575 | 9 | $5,175.00 |
| Jamie Greene | $545 | 7.6 | $4,142.00 |
| Cody Padgett | $420 | 5.6 | $2,352.00 |
| Jordan Carlson | $345 | 16.3 | $5,623.50 |
| Trisha Monesi | $345 | 5.7 | $1,966.50 |
| Michelle Kennedy | $265 | 34.5 | $9,142.50 |
| **Total** | | **79.2** | **$28,789.00** |

| Case Management | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Steven Weinmann | $775 | 0.6 | $465.00 |
| Tarek Zohdy | $575 | 3.9 | $2,242.50 |
| Cody Padgett | $420 | 2.2 | $924.00 |
| Michelle Kennedy | $265 | 0.4 | $106.00 |
| **Total** | | **7.1** | **$3,737.50** |

| Discovery | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Steven Weinmann | $775 | 8 | $6,200.00 |
| Tarek Zohdy | $575 | 9 | $5,175.00 |
| Cody Padgett | $420 | 8.7 | $3,654.00 |
| **Total** | | **25.7** | **$15,029.00** |

| Motion to Dismiss | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Steven Weinmann | $775 | 27.5 | $21,312.50 |
| Robert Friedl | $745 | 20.2 | $15,049.00 |
| Tarek Zohdy | $575 | 10.4 | $5,980.00 |
| Cody Padgett | $420 | 5.3 | $2,226.00 |
| Trisha Monesi | $345 | 0.3 | $103.50 |
| **Total** | | **63.7** | **$44,671.00** |

| Mediation & Settlement Negotiations | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Steven Weinmann | $775 | 23.1 | $17,902.50 |
| Raul Perez | $775 | 10.4 | $8,060.00 |
| Robert Friedl | $745 | 0.8 | $596.00 |
| Tarek Zohdy | $575 | 27.7 | $15,927.50 |
| Jamie Greene | $545 | 0.3 | $163.50 |
| Cody Padgett | $420 | 25.3 | $10,626.00 |
| **Total** | | **87.6** | **$53,275.50** |

| Drafting Settlement Papers and Approval Motion | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Steven Weinmann | $775 | 59.9 | $46,422.50 |
| Raul Perez | $775 | 0.8 | $620.00 |
| Robert Friedl | $745 | 9 | $6,705.00 |
| Ryan Wu | $675 | 3 | $2,025.00 |
| Tarek Zohdy | $575 | 18 | $10,350.00 |
| Eduardo Santos | $545 | 6.7 | $3,651.50 |
| Cody Padgett | $420 | 9 | $3,780.00 |
| **Total** | | **106.4** | **$73,554.00** |

| Communications with Class Members | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jamie Greene | $545 | 0.8 | $436.00 |
| Cody Padgett | $420 | 0.5 | $210.00 |
| Jordan Carlson | $345 | 0.5 | $172.50 |
| Michelle Kennedy | $265 | 14.7 | $3,895.50 |
| **Total** | | **16.5** | **$4,714.00** |

| Attorney / Rate | Major Task | Hours | Fee |
|---|---|---|---|
| **Steven Weinmann ($775)** | Pleadings & Non-Motion Filings | 0.8 | $620.00 |
| | Legal & Factual Analysis of Claims and Defenses | 0.5 | $387.50 |
| | Case Management | 0.6 | $465.00 |
| | Discovery | 8 | $6,200.00 |
| | Motion to Dismiss | 27.5 | $21,312.50 |
| | Mediation & Settlement Negotiations | 23.1 | $17,902.50 |
| | Drafting Settlement Papers and Approval Motion | 59.9 | $46,422.50 |
| **Total** | | **120.4** | **$93,310.00** |

| Attorney / Rate | Major Task | Hours | Fee |
|---|---|---|---|
| **Raul Perez ($775)** | Mediation & Settlement Negotiations | 10.4 | $8,060.00 |
| | Drafting Settlement Papers and Approval Motion | 0.8 | $620.00 |
| **Total** | | **11.2** | **$8,680.00** |

| Attorney / Rate | Major Task | Hours | Fee |
|---|---|---|---|
| **Robert Friedl ($745)** | Motion to Dismiss | 20.2 | $15,049.00 |
| | Mediation & Settlement Negotiations | 0.8 | $596.00 |
| | Drafting Settlement Papers and Approval Motion | 9 | $6,705.00 |
| | **Total** | **30** | **$22,350.00** |

| Attorney / Rate | Major Task | Hours | Fee |
|---|---|---|---|
| **Ryan Wu ($675)** | Drafting Settlement Papers and Approval Motion | 3 | $2,025.00 |
| | **Total** | **3** | **$2,025.00** |

| Attorney / Rate | Major Task | Hours | Fee |
|---|---|---|---|
| **Tarek Zohdy ($575)** | Pleadings & Non-Motion Filings | 11.5 | $6,612.50 |
| | Legal & Factual Analysis of Claims and Defenses | 9 | $5,175.00 |
| | Case Management | 3.9 | $2,242.50 |
| | Discovery | 9 | $5,175.00 |
| | Motion to Dismiss | 10.4 | $5,980.00 |
| | Mediation & Settlement Negotiations | 27.7 | $15,927.50 |
| | Drafting Settlement Papers and Approval Motion | 18 | $10,350.00 |
| | **Total** | **89.5** | **$51,462.50** |

| Attorney / Rate | Major Task | Hours | Fee |
|---|---|---|---|
| **Jamie Greene ($545)** | Legal & Factual Analysis of Claims and Defenses | 7.6 | $4,142.00 |
| | Mediation & Settlement Negotiations | 0.3 | $163.50 |
| | Communications with Class Members | 0.8 | $436.00 |
| | **Total** | **8.7** | **$4,741.50** |

| Attorney / Rate | Major Task | Hours | Fee |
|---|---|---|---|
| **Eduardo Santos ($545)** | Drafting Settlement Papers and Approval Motion | 6.7 | $3,651.50 |
| | **Total** | **6.7** | **$3,651.50** |

DECLARATION OF STEVEN R. WEINMANN IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT T

| Attorney / Rate | Major Task | Hours | Fee |
|---|---|---|---|
| **Cody Padgett** **($420)** | Pleadings & Non-Motion Filings | 15.9 | $6,678.00 |
| | Legal & Factual Analysis of Claims and Defenses | 5.6 | $2,352.00 |
| | Case Management | 2.2 | $924.00 |
| | Discovery | 8.7 | $3,654.00 |
| | Motion to Dismiss | 5.3 | $2,226.00 |
| | Mediation & Settlement Negotiations | 25.3 | $10,626.00 |
| | Drafting Settlement Papers and Approval Motion | 9 | $3,780.00 |
| | Communications with Class Members | 0.5 | $210.00 |
| | **Total** | **72.5** | **$30,450.00** |

| Attorney / Rate | Major Task | Hours | Fee |
|---|---|---|---|
| **Jordan Carlson** **($345)** | Legal & Factual Analysis of Claims and Defenses | 16.3 | $5,623.50 |
| | Communications with Class Members | 0.5 | $172.50 |
| | **Total** | **16.8** | **$5,796.00** |

| Attorney / Rate | Major Task | Hours | Fee |
|---|---|---|---|
| **Trisha Monesi** **($345)** | Pleadings & Non-Motion Filings | 7.8 | $2,691.00 |
| | Legal & Factual Analysis of Claims and Defenses | 5.7 | $1,966.50 |
| | Motion to Dismiss | 0.3 | $103.50 |
| | **Total** | **13.8** | **$4,761.00** |

| Attorney / Rate | Major Task | Hours | Fee |
|---|---|---|---|
| **Michelle Kennedy** **($265)** | Pleadings & Non-Motion Filings | 1.3 | $344.50 |
| | Legal & Factual Analysis of Claims and Defenses | 34.5 | $9,142.50 |
| | Case Management | 0.4 | $106.00 |
| | Communications with Class Members | 14.7 | $3,895.50 |
| | **Total** | **50.9** | **$13,488.50** |

///

DECLARATION OF STEVEN R. WEINMANN IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT T

1   22.     Based upon prior experience with time spent after preliminary approval briefing—including final approval briefing, responding to potential objections, and interacting with class members with questions regarding the settlement, their rights, and the process for recovery, Plaintiff's Counsel estimate that they will expend an additional 150 hours on this matter through final approval and to final judgment. This will entail about $75,000 in additional lodestar. In connection with their anticipated Motion for Attorneys' Fees, Costs, and Plaintiff's Service Award, Plaintiff's Counsel will provide up-to-date lodestar and cost figures and provide supporting documentation.

23.     Capstone's hourly rates for work on automotive defect cases have been judicially approved by numerous federal district courts. *See, e.g.*, *Wylie v. Hyundai Motor America*, No. 8:16-cv-02102-DOC-JCG (C.D. Cal. March 2, 2020) (approving Capstone's rates for Associates ($295 to $445) and Senior Counsel/Partners ($545 to $775)); *MacDonald v. Ford Motor Co.*, No. 13-02988-JST, 2016 WL 3055643 (N.D. Cal. May 31, 2016) (approving rates of $370 to $695 for the same attorneys working in this action in an automotive defect case on a contested fee motion); *Klee,* 2015 U.S. Dist. LEXIS 88270, *38 (approving rates of $370 to $695 for same attorneys at Capstone as here in an automotive defect case); *Asghari*, 2015 WL 12732462, at *43 (same); *Aarons*, 2014 WL 4090564, **17-18.

24.     While adjusting our rates to track market increases, Capstone's rates have steadily remained reasonable and competitive, and have been consistently approved by many federal and state courts over the past several years. *See, e.g., Hayes v. Rent-A-Center West, Inc.*, No. 37-2018-00043861 (San Diego County Superior Court Aug. 28, 2020) (approving Capstone's rates for Associates ($265 to $485) and Senior Counsel/Partners ($545 to $775)); *Vega v. JPMorgan Chase Bank, N.A.*, No. BC698750 (Los Angeles County Superior Court Aug. 20, 2020) (approving Capstone's rates for Associates ($265 to $505) and Senior Counsel/Partners ($545 to $775)); *Wertz v. Dawn Food Products, Inc.*, No. CIV DS1811446 (San Bernardino County Superior

Court June 29, 2020) (approving Capstone's rates for Associates ($295 to $505) and Senior Counsel/Partners ($545 to $775)); *Reyes v. Verifi, Inc.*, No. BC707889 (Los Angeles County Superior Court March 16, 2020) (approving Capstone's rates for Associates ($345 to $485) and Senior Counsel/Partners ($545 to $775)); *Vargas v. Ford Motor Co.*, No. CV12-08388 AB (FFMx) (C.D. Cal. March 5, 2020) (approving Capstone's rates for Associates ($245 to $445) and Senior Counsel/Partners ($495 to $775)); *Campbell v. AEG Management Oakland, LLC*, No. RG17859830 (Alameda County Superior Court Feb. 7, 2020) (approving Capstone's rates for Associates ($345 to $485) and Senior Counsel/Partners ($545 to $775)); *Scoggins v. Crossmark, Inc.*, No. 56-2017-00492936-CU-OE-VTA (Ventura County Superior Court) (approving Capstone's rates for Associates ($435) and Senior Counsel/Partners ($495 to $725)); *Brown v. Harris v. Mr. C Manager LLC*, No. CIV DS1721484 (San Bernardino County Superior Court Aug. 21, 2019) (approving Capstone's rates for Associates ($295 to $434) and Senior Counsel/Partners ($495 to $725)); *Black v. T-Mobile USA, Inc.*, No. 4:17-cv-04151-HSG (N.D. Cal. July 24, 2019) (approving Capstone's rates for Associates ($295 to $435) and Senior Counsel/Partners ($495 to $725)); *Rodas v. Petroleum Sales, Inc.*, No. CIV1703590 (Marin County Superior Court July 19, 2019) (approving Capstone's rates for Associates ($395 to $435) and Senior Counsel/Partners ($495 to $725)); *Aguilar v. Marriott Int'l., Inc.*, No. BC513197 (Los Angeles County Superior Court Apr. 9, 2019) (approving Capstone's rates for Associates ($295 to $435) and Senior Counsel/Partners ($495 to $725)); *Garrido v. J. C. Penney Corporation, Inc.*, No. 5:18-cv-02051-JVS-SP (C.D. Cal. Jan. 25, 2019) (approving Capstone's rates for Associates ($435 to $455) and Senior Counsel/Partners ($495 to $725)); *Boseman v. VXI Global Solutions, LLC*, No. BC602442 (Los Angeles County Superior Court Jan. 3, 2019) (approving Capstone's rates for Associates ($295 to $435) and Senior Counsel/Partners ($495 to $725)); *Mansilla v. XPO Logistics Worldwide, Inc.*, No. RG17865271 (Alameda County Superior Court Nov. 16, 2018) (approving Capstone's rates for Associates ($295 to $435) and Senior Counsel/Partners ($495 to $725));

*Carbajal v. Tom's Famous Family Restaurants*, No. CIVDS1601821 (San Bernardino County Superior Court July 31, 2018) (approving Capstone's rates for Associates ($295 to $395) and Senior Counsel/Partners ($495 to $725)); *Williams v. Marshalls of CA, LLC*, No. BC503806 (Los Angeles County Superior Court Feb. 15, 2018) (approving Capstone's rates for Associates and Senior Counsel/Partners ($570 to $725)).

25. Moreover, Capstone's hourly rates are also consistent with the judicially-approved hourly rates of comparable plaintiffs'-side attorneys, such as Baron & Budd (rates ranging from $775 for the requested partner to $390-$630 for non-partners), Wasserman, Comden, Casselman, & Essensten (rates ranging from $670-750 for partners and $300-500 for associates), and Blood Hurst & O'Reardon ($510-695 for partners). *Aarons*, 2014 WL 4090564, **17-18 (also approving rates of Capstone); *see also, Chambers v. Whirlpool Corp.*, 214 F.Supp.3d 877, 899 (C.D. Cal. 2016) (approving rates of $485 to $750 for consumer class action attorneys on a contested fee motion); *Etter v. Thetford Corporation*, No. 13-00081-JLS, 2017 WL 1433312 (C.D. Cal. Apr. 14, 2017) (approving $275 to $775 for Southern California attorneys on a contested fee motion); *Bravo v. Gale Triangle, Inc.*, No. 16-03347 BRO, 2017 WL 708766, *17 (C.D. Cal. Feb. 16, 2017) (approving rates between $350 and $700); *Kearney v. Hyundai Motor Am.*, 2013 U.S. Dist. LEXIS 91636, *24 (C.D. Cal. June 28, 2013) (approving hourly rates of $650-$800 for senior attorneys in consumer class action); *Parkinson v. Hyundai Motor America*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010) (approving hourly rates between $445 and $675); *Barrera v. Gamestop Corp.* (C.D. Cal. Nov. 29, 2010, No. CV 09-1399) ($700 an hour for partners; $475 an hour for associates); *Magsafe Apple Power Adapter Litig.*, No. 09-1911-EJD, 2015 U.S. Dist. LEXIS 11353, at *14 (N.D. Cal. Jan. 30, 2015) (finding reasonable rates for Bay Area attorneys ranging from $560 to $800 for partners and $285 to $510 for associates); *Rose v. Bank of Am. Corp.*, No. 5:11-CV-02390-EJD, 2014 U.S. Dist. LEXIS 121641, at *12 (N.D. Cal. Aug. 29, 2014) (finding reasonable partners rates

between $350 - $775 per hour; associates at $325 - $525 per hour; and paralegal rates between $100 - $305 per hour); *Kim v. Space Pencil, Inc.*, No. C 11-03796 LB, 2012 WL 5948951, at *8 (N.D. Cal. Nov. 28, 2012) (finding reasonable partner rates of $725 - $797 per hour; associates and counsel at $350 - $580 per hour); *Faigman v. AT&T Mobility LLC*, 2011 U.S. Dist. LEXIS 15825, * 2 (N.D. Cal. Feb. 15, 2011) (approving hourly rates of $650 an hour for partner services and $500 an hour for associate attorney services).

26. The work performed in this case was reasonable and necessary to the prosecution and settlement of this case. Capstone conducted a significant factual investigation during the prosecution of this action. Because of Capstone's comprehensive evaluation of the facts and law, Plaintiff was able to settle this case for substantial relief. Plaintiff provided Class Members with substantive and certain relief much sooner than if litigation of this matter had continued.

27. Class Counsel have minimized duplication of services by coordinating work among Berger & Montague and Capstone. Where multiple attorneys participated, joint participation was necessary because of time constraints, the complexity of the problems, or for effective, efficient communication among the firms essential for informed, group decision-making.

28. We participated in this case on a contingency fee basis which involved risk of not prevailing and therefore not being paid for our work. On the other hand, we also understood that the law would compensate us for such risk if we prevailed. We could not take such a risk without assurances of adequate compensation for favorable results for the Class. Moreover, while we anticipated the lengthy, intensive, and protracted litigation track which transpired, the time and resources dedicated to this case prevented our firm from taking and working on other matters.

///
///

DECLARATION OF STEVEN R. WEINMANN IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT T

29. Capstone has expended $4,799.11 in unreimbursed expenses which were reasonable and necessarily for the prosecution of this case. These expenses which are accurately reflected in our firm's books and records, include following:

| Cost & Expense Categories | Amount |
|---|---:|
| Copying, Printing & Scanning and Facsimiles | $123.25 |
| Court Fees, Courier Fees, Filings & Service of Process | $1,566.52 |
| Delivery & Messenger (UPS, FedEx, messenger) | $30.39 |
| Legal Research Services (PACER, Westlaw, etc.) | $352.08 |
| Mediation Fees | $1,973.25 |
| Postage & Mailings | $33.24 |
| Telephone (Long distance, conference calls) | $68.64 |
| Travel-Related Costs and Expenses | $651.74 |
| **Total** | **$4,799.11** |

30. Plaintiff David Patrick has been a highly involved and diligent class representative. In pre-litigation, he provided detailed information regarding his purchase decision, VW's marketing and sales practices, his vehicle's repair history, his experiences with the Stalling Defect, and other background facts. Mr. Patrick reviewed and confirmed factual allegations in the complaint, as well as approval of Plaintiff's CLRA pre-suit notice letter. Throughout the litigation, Mr. Patrick stayed in close and regular contact with Plaintiff's Counsel, participating in phone calls often twice a month to discuss the progress of the litigation. He also made himself available and was engaged during the mediation of the matter. It is estimated that he spent at least 20 hours providing information to Counsel, reviewing and approving the complaint, communicating with Counsel regarding case updates, and considering, analyzing, discussing and approving the proposed settlement. Based upon Plaintiff's efforts and results achieved for the class, a service award of $5,000 is warranted.

31. Plaintiff David Patrick reviewed and agreed to the terms of the Settlement before it was executed.

32. Capstone is not representing clients with interests at odds with the interests of the Class Members.

33. The Parties have separately negotiated, subsequent to agreement on the class benefits, sums for attorneys' fees, expenses, and the class representative service award, with the amount finally awarded by the Court not affecting the Class benefits in any way. Moreover, the agreement regarding attorneys' fees and expenses is the product of a non-collusive adversarial negotiation following mediation with an experienced mediator, Bradley A. Winters.

## CONCLUSION

34. As a result of this litigation, all current and former owners receive substantial benefits from the Settlement. Based on my experience, the Settlement is fair, reasonable, and adequate, and treats all Class Members equitably. I ask that the Court approve the Settlement achieved on behalf of the Class resulting from this hard-fought and technical litigation.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Dated: February 4, 2021            /s/ Steven R. Weinmann
                                      Steven R. Weinmann