JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PATRICK, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　　　　　　Plaintiff,<br>　　V.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation,<br><br>　　　　　　　　　Defendant. | Case No. 8:19-cv-01908-MCS-ADS<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND CERTIFYING SETTLEMENT CLASS** |

Having considered Plaintiff's Motion for Final Approval of Class Action Settlement (Dkt. 68) and exhibits thereto (the "Motion") including the parties' Settlement Agreement ("Settlement Agreement") and supporting Declarations; Plaintiff's Motion for Attorneys' Fees, Costs and Expenses, and a Class Representative Incentive Award (Dkt. 64) and exhibits thereto; the Declaration of Jennifer M. Keough (Dkt. 68-5); Defendant Volkswagen Group of America, Inc.'s ("VWGoA's") Memorandum of Law in Support of Final Approval of the Proposed Class Settlement and Addressing Requests for Exclusion (Dkt. 69) and exhibits thereto; and the Court, having previously granted preliminary approval of the Class Settlement on March 10, 2021 and, pursuant to the Order Granting Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Dkt. 62), provisionally certifying, for settlement purposes only, the proposed Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and having directed the dissemination of Class Notice pursuant to the approved Notice Plan, which the Court has determined to be the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process; and the Court, being satisfied that Class Notice has been disseminated timely and properly pursuant to the Notice Plan; and the Court, having received no objections to the proposed Class Settlement, and having held a final fairness hearing on September 27, 2021; and the Court, having carefully considered all of the submissions and arguments of the parties and being fully advised in the premises, hereby finds and orders as follows:

1. **Certification of Class**. The Court finds that, for the purposes of Settlement, the applicable prerequisites for class action treatment under Fed. R. Civ. P 23(a) and 23(b)(3) are satisfied. The Settlement Class or Settlement Class Members as defined in Paragraph I (Q) of the Settlement Agreement and also defined below is so numerous that joinder of all members is not practicable; questions of law and fact are common to the Settlement Class; the claims of the Settlement Class Representative are typical of the claims of the Settlement Class; the Settlement Class Representative and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class; questions of law and fact common to the members of the Settlement Class predominate over any questions

1  affecting only individual members; and a class action is superior to other available methods for
2  fairly and efficiently adjudicating this controversy. The Court also concludes that, because the
3  action is being settled rather than litigated, the Court need not consider manageability issues that
4  might be presented by the trial of a nationwide class action involving the issues in this case. *See*
5  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *In re Hyundai & Kia Fuel Econ. Litig.*,
6  926 F.3d 539, 556 (9th Cir. 2019) (en banc).

7        2.      **Notice of the Class Action Settlement**. The Court finds that, as demonstrated by
8  the Declaration of Jennifer M. Keough and counsel's submissions, Notice to the Settlement Class
9  was timely and properly effectuated in accordance with Fed. R. Civ. P. 23(e) and the approved
10 Notice Plan set forth in the Court's Preliminary Approval Order. The Court finds that said Notice
11 constitutes the best notice practicable under the circumstances, and satisfies all requirements of
12 Rule 23(e) and due process.

13       3.      **CAFA Notice.** The Court finds that in accordance with the Class Action Fairness
14 Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Claims Administrator properly and timely caused
15 to be mailed a copy of the proposed class action Settlement and all other documents required by
16 law to the Attorney General of the United States and the State Attorneys General in each
17 jurisdiction where class members reside. None of the Attorneys General have filed any objections
18 to the Settlement.

19       4.      **Defined Terms of the Settlement Agreement**. Unless otherwise defined herein,
20 the terms used in this Order that are defined in the Settlement Agreement shall have the same
21 meaning as set forth in the Settlement Agreement.

22       5.      **The Settlement is Fair, Reasonable and Adequate**. The Court finds that the
23 Settlement is fair, reasonable and adequate, and in all respects satisfies Fed. R. Civ. P. 23. The
24 Court finds that the Settlement provides substantial benefits to the Class, including:

25       (a)      Every Settlement Class Member who currently owns or leases a Settlement Class
26 Vehicle is eligible to obtain an update of the engine control module software ("software update") via
27 a Service Action that VWGoA has issued, free of charge, by an authorized Volkswagen dealer; and
28

(b) In addition to the Service Action, the Settlement provides for reimbursement of past out-of-pocket expenses paid for a repair of engine stalling that occurred at low speeds (such as while the vehicle was slowing down or coming to a stop) or when the vehicle was already at a stop while the engine was running, subject to certain proof requirements and reasonable conditions and limitations delineated in the Settlement Agreement and Class Notice.

6. The Settlement is particularly beneficial and appropriate when considering the facts and circumstances of this case, the claims and defenses asserted, and the risks of non-recovery or reduced recovery, non-class certification, and potential delays of recovery associated with the continued litigation of these claims.

7. **The Settlement is the Result of Extensive Arm's-Length Negotiations and is Not the Product of Collusion.** The Court further finds that the Settlement was entered into as a result of extensive arm's-length negotiations of highly disputed claims, among experienced class action counsel on both sides. The Settlement was also negotiated with the assistance of an experienced and highly respected third-party neutral mediator at JAMS, Bradley L. Winters, Esq. The Settlement was entered into with a sufficient understanding by counsel of the strengths and weaknesses of their respective cases, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and/or extent of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal.

8. The Court has considered the factors discussed in *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) and related decisions, and finds that the Settlement was entered into in good faith and was not the product of any collusion between the parties or counsel, whether subtle or otherwise. The Court finds that, despite a "clear-sailing" provision, which is common in class action settlements, the Settlement benefits are not dwarfed by the attorneys' fees and the Settlement funds do not revert, further supporting a finding of non-collusiveness, and that attorneys' fees and expenses were not negotiated until after the parties had reached an agreement on the material terms of the Settlement.

9. As set forth in the Settlement Agreement, the Court finds that the Settlement does

not and shall not constitute any admission, acknowledgement or evidence of any wrongdoing or liability on the part of Defendant or any Released Party, or of the merit of any claim or allegation that was or could have been asserted in this Action.

10. **Objections and Requests for Exclusion.** There are approximately 16,783 Settlement Class Members. Class Notice was timely and properly implemented pursuant to the Preliminary Approval Order. The Court has received no objections to the Settlement. In addition, only five (5) Settlement Class Members submitted timely and valid requests for exclusion from the Settlement. The Court finds that the lack of objections and small number of exclusion requests demonstrate strongly that the Class favors the Settlement, which further supports the finding herein that the Settlement is fair, reasonable and adequate.

11. The Court has considered, and hereby determines, that the three requests for exclusion collectively received from the following persons are invalid because they do not involve Settlement Class Vehicles and, accordingly, the persons so requesting exclusion are not Settlement Class Members: Daniel Torres; Monica Gale and Giovani Davila Perez; and Hector Morales and Ana Morales. These requests for exclusion are hereby rejected.

**IT IS THEREFORE ORDERED AND ADJUDGED THAT:**

The Court certifies, for the purpose of this Settlement, a Settlement Class consisting of the following:

> All persons or entities who bought or leased a Settlement Class Vehicle, defined as a model year 2019 or 2020 Volkswagen Golf GTI vehicle equipped with a manual transmission, and/or a model year 2019 or 2020 Volkswagen Jetta GLI Vehicle equipped with a manual transmission, imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States or Puerto Rico.
>
> Excluded from the Settlement Class are (a) all Judges who have presided over this Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who

acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (j) any Settlement Class Member that filed a timely and proper Request for Exclusion from the Settlement Class, as listed in Exhibit A.

12. The Settlement Agreement submitted by the Parties is, in all respects, finally approved pursuant to Fed. R. Civ. P. Rule 23(e) as fair, reasonable, adequate, and in the best interest of the Settlement Class.

13. The Court excludes from the Settlement and Release, on the basis of their timely and valid requests for exclusion, the five (5) Settlement Class Members who are listed on Exhibit A annexed hereto. The other requests for exclusion are hereby rejected.

14. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

15. The Parties and each person or entity within the Settlement Class are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the Released Claims against all Released Parties contained therein, except for those identified in Exhibit A annexed hereto, who have duly and timely excluded themselves from the Settlement.

16. The Action is hereby dismissed, with prejudice and without costs.

17. This Final Approval Order and Judgment has been entered without any admission by any Party as to the merits of any allegation in this Action and shall not constitute a finding of either fact or law as to the merits of any claim or defense that was or could have been asserted in the Action. Nothing in this Final Approval Order and Judgment, the Settlement Agreement, the underlying proceedings, or any documents, filings, submissions or statements related thereto, is or shall be deemed, construed to be, or argued as, an admission, or evidence, of any liability, wrongdoing or responsibility on the part of the Defendant or any Released Party, or of any allegation or claim asserted in this Action, all of which are expressly denied by Defendant.

18. In the event that any provision of the Settlement or this Final Approval Order and

Judgment is asserted by Defendant or any Released Party as a defense (including, without limitation, as a basis for dismissal and/or a stay), in whole or in part, to any claim, suit, action or proceeding in any forum, judicial or otherwise, brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that claim, suit, action and/or proceeding shall immediately be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.

19. The Released Claims, as set forth in the Settlement Agreement, are hereby fully, finally and forever deemed released, discharged, acquitted, compromised, settled and dismissed with prejudice against Defendant and all Released Parties.

20. The Court, having conditionally appointed Plaintiff David Patrick as representative of the Settlement Class ("Settlement Class Representative") in the Preliminary Approval Order, hereby grants final approval of, and appoints, David Patrick as Settlement Class Representative.

21. The Court further, having conditionally appointed as Class Counsel for the Settlement Class in the Preliminary Approval Order, hereby grants final approval of, and appoints, the law firms of Capstone Law APC and Berger Montague PC, collectively, as Class Counsel for the Settlement Class ("Class Counsel" or "Settlement Class Counsel").

22. The Court, having conditionally approved JND Legal Administration as the Settlement Administrator, hereby grants final approval of, and appoints, JND Legal Administration as the Settlement Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement.

23. The Court has carefully reviewed, and hereby approves, the request for a service award of five thousand dollars ($5,000.00) to Plaintiff David Patrick as a reasonable payment for his efforts as Settlement Class Representative on behalf of the Settlement Class, said service award to be paid by Defendant in the manner provided in the Settlement Agreement.  Said payment shall duly, completely and forever satisfy, release and discharge any and all obligations of Defendant, and any Released Party, with respect to the Settlement Class Representative service award.

24. In addition, the Court has carefully reviewed, and hereby approves, Class Counsel's request for an award of reasonable attorneys' fees, costs and expenses in the collective combined total amount of five hundred and five thousand dollars ($505,000.00) (collectively, the "Fee and Expense Award"), which amount shall be paid by Defendant within the time, and in the manner, as set forth in the Settlement Agreement. The Court finds said Fee and Expense Award to be reasonable and consistent with applicable law. The payment by Defendant of said Fee and Expense Award shall constitute full and complete satisfaction of, and shall duly, completely and forever release and discharge the Defendant and all Released Parties from and with respect to, any and all obligations for the payment of any and all attorney fees, costs and expenses in connection with this Action and controversy.

25. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement, this Order, and any obligations thereunder.

26. Plaintiff and each and every Settlement Class Member (other than those specifically listed in Exhibit A to this Final Order and Judgement), and any person actually or purportedly acting on behalf of any said Settlement Class Member(s), is/are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class/putative class, representative or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum) against any of the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

27. Without affecting the finality of this Final Approval Order and Judgment, the Court retains exclusive jurisdiction, and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court, of, over and with respect to the consummation,

implementation and enforcement of this Settlement and its terms, including the release of claims therein, and any suit, action, proceeding (judicial or otherwise) or dispute arising out of or relating to this Order and Judgment, the Settlement Agreement and its terms, or the applicability of the Settlement Agreement, which exclusive jurisdiction includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar on and injunction against prosecution of any and all Released Claims against any Released Parties.

28. The Court finds that no just reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed to enter this Final Approval.

IT IS SO ORDERED.

Dated: September 28, 2021

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

**Patrick v. Volkswagen Group of America, Inc.**
**Civil Action No. 8:19-cv-01908 (MCS) (ADS)**
**Exhibit A – Exclusions from Class Settlement and Release**

| Opt Out Name | VIN | Postmarked Date |
|---|---|---|
| Katherine and Randall Arable | 3VW5T7AU8KM024017 | 7/12/21 (Dated) 7/14/21 (Rec'd) |
| Asael Martinez Laurel | 3VW5T7AU9KM019523 | 7/21/21 (Rec'd) |
| Alfredo Castro Vertiz | 3VW5T7BU5LM023651 | 7/20/21 (Dated) 7/26/21 (Rec'd) |
| Christos Daglis | 3VW5T7AU2LM003293 | 7/21/21 (Dated) 7/26/21 (Rec'd) |
| Lindsey Branson Fox | 3VW5T7AU9KM030635 | 8/5/21 |